WESTERN & ATLANTIC RAILROAD COMPANY *v.* KNIGHT.

BECK, J. 1. Where the case upon trial is one for the recovery of damages for personal injuries alleged to be of a permanent character and to have been sustained in consequence of the defendant's negligence, and there is evidence to show that the injuries are of a permanent character and that the plaintiff will suffer a decrease in his earning capacity, which will continue through life, it is proper to give to the jury instructions concerning the use of the annuity table found in 70 *Georgia Reports,* 847. But if the injuries are not of the character described above, that is, if they are not permanent in character and will not cause a permanent decrease in the earning capacity, the table should not be given. And if the evidence upon the question whether or not the plaintiff's injuries are of the character just indicated is conflicting, the court should not instruct the jury touching the use of the table referred to, without also instructing them in that connection, or somewhere in the charge, that the table can only be used in case the injuries are shown to be permanent, and if they do not find the injuries to be permanent they will have no use for the table. In the present case the judge charged the jury in regard to the use of the table, without submitting to them the question as to the permanency of the injuries sustained; and this charge is excepted to upon the ground, among others, that "it assumed that the injury alleged to have been inflicted upon the plaintiff was a permanent injury, it being one of the questions in said case as to whether or not said injury was permanent." In view of the ruling made above, this exception is well taken; and the evidence upon the question of the permanency of the plaintiff's injuries being sharply conflicting, this court can not say that the error was harmless; and a new trial will therefore be granted upon the ground complaining of the charge referred to.

2. The following charge of the court was not entirely accurate: "If he [plaintiff] is entitled to recover at all, he would be entitled to recover for the injury sustained, if he sustained any, and for the deformity that he may have sustained, if there is any deformity." The inaccuracy consisted in the instruction that the plaintiff might recover for "the deformity that he sustained," after charging the jury that he, if entitled to recover at all, would be entitled to recover for the injury sustained; inasmuch as the deformity resulting from the plaintiff's injuries is a part of the injuries sustained, and such a charge might cause the jury to allow double damages for this separate item of injury.

3. There were certain inaccuracies in other portions of the court's charge, but they are not of sufficient materiality to require special notice, and will doubtless be corrected by the court upon the next trial, attention having been called to them in this motion.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

DECEMBER 16, 1914.

Action for damages. Before Judge Fite. Gordon superior court. August 9, 1913.

*Tye, Peeples & Jordan, O. N. Starr,* and *Maddox, McCamy & Shumate,* for plaintiff in error.

*Harper Hamilton, Hutchens & Hutchens,* and *J. M. Lang,* contra.