23357.   CHANDLER *v.* BRITTAIN.

DECIDED JANUARY 29, 1934.

</div>

*Abraham Ziegler,* for plaintiff.
*John M. Slaton, James J. Slaton,* for defendant.

JENKINS, P. J.   The owner of a motorcycle, which another was driving without his consent, sued the driver of an automobile for the value of the motorcycle, wrecked by a collision between the two machines, in which the driver of the motorcycle was killed.   The jury found for the defendant, and the superior court overruled the plaintiff's certiorari from a judgment denying a new trial.   No general grounds are argued or insisted upon, but error is especially urged in the failure to charge as requested in writing relative to a curve or intersecting street, that negligence by the deceased driver of the motorcycle would not be imputable to the plaintiff, and that the plaintiff could recover if the injury was caused by the concurrent or joint negligence of the defendant and the driver of the motorcycle.   The evidence failed to show that the collision happened

on a curve or in the use of an intersecting street. There was evidence indicating that the driver of the motorcycle was driving recklessly and at excessive speed. The evidence was conflicting, however, as to whether one machine or the other was on the wrong side of the street, in violation of State law and a city ordinance. There was testimony for the plaintiff that the automobile was on its left side of the highway, and for the defendant that it was on its proper side, but that the motorcycle was on the left. There was no evidence indicating any other sort of negligence on the part of the defendant automobile driver.

1. The brief of evidence, as corrected by the trial judge in his answer to the petition for certiorari, shows that the collision occurred near but not on a curve or intersecting street, and that the intersecting street was not being used by the driver of either machine. The ordinance as to intersecting streets was, therefore, not involved, and it was not error to refuse the plaintiff's written requests to charge the law and ordinance relating thereto.

2. It appearing, without dispute, that the motorcycle was taken by its deceased driver without the consent or knowledge of the plaintiff owner, any negligence of the driver would not be chargeable to the plaintiff. See 6 C. J. 1168; 6 A. L. R. 316; 30 A. L. R. 1248; Anthony v. Boston & M. R., 276 Mass. 392 (177 N. E. 564); U Drive It Co. v. Texas Pipe Line, 14 La. App. 524 (129 So. 565); Niagara Fire Ins. Co. v. Nathan, 178 N. Y. Supp. 450.

3. As a general rule, a person's negligence need not have been the sole cause of an injury in order to render him liable, provided that his negligence concurring with one or more independent efficient causes together constituted the proximate cause, and that such a concurrent, efficient cause may have been the negligent act of a third person, whether or not jointly sued in the same action. See *Bonner* v. *Standard Oil Co.,* 22 *Ga. App.* 532, 535, 536 (96 S. E. 573); 45 C. J. 920-924. Questions of concurrent negligence and proximate cause, with other questions of negligence, are all ordinarily matters of fact within the province of the jury to determine. *Ga. Ry. & Power Co.* v. *Ryan,* 24 *Ga. App.* 288 (100 S. E. 713); *Ga. Power Co.* v. *Kinard,* 47 *Ga. App.* 483 (3) (170 S. E. 688).

4. This court is unable to hold, as contended by the defendant in error, that the accident was brought about solely by the negli-

gence of the motorcycle driver. Under the testimony, the jury could have found that the defendant was driving his automobile on the wrong side of the road and that the driver of the motorcycle was on the proper side of the road, at the time the collision occurred, but that the negligence of the driver of the motorcycle concurred with such negligence of the defendant, in that the driver of the motorcycle was then and there driving his machine at a reckless and dangerous rate of speed, thereby proximately contributing to the accident. Accordingly, while otherwise the charge was clear and fair, the trial court erred in refusing to charge the requested principles of law thus involved, as stated above in the two immediately preceding paragraphs.

*Judgment reversed. Stephens, J., concurs. Sutton, J., dissents.*

SUTTON, J., dissenting. I think that the issues in this case and the law applicable thereto were fully and fairly presented by the judge in the charge to the jury, and that the verdict and judgment in favor of the defendant should be affirmed.