362

25903. BROOKS *et al. v.* CARVER.

DECIDED MARCH 3, 1937.

*Lanham & Parker,* for plaintiffs in error.
*W. B. Mebane, Maddox & Griffin,* contra.

FELTON, J. 1. In this suit by a minor guest in an automobile, for $2000 damages on account of personal injuries received in a collision at intersecting city streets with an automobile driven by a servant of the defendants, the verdict of $300 for the plaintiff was fully authorized.

2. An automobile guest is precluded from recovery against the driver or master of the driver of another automobile, for damages from a collision, where the driver of the car in which the guest was riding failed to exercise ordinary care, and that negligence·was the sole proximate cause of the injury. But if the guest himself exercised ordinary care, he is not precluded from a recovery by the fact that both his host and the driver of the other automobile were negligent; provided that the negligence of the other driver was either the sole *proximate* cause, or one. of the causes, contributing to or joining with the negligence of the host to constitute together the *proximate* cause of the injury. A charge to the jury that authorizes a recovery against the operator of the other automobile merely if he was negligent, without regard to the question of proximate cause, is reversible error; but a charge that recognizes as a basis of liability the well-settled principle of concurrent negligence by both the operator and the host, each contributing to and together forming the proximate cause, is proper. *Chandler* v. *Brittain,* 48 *Ga. App.* 361 (3) (172 S. E. 745), and cit.; *Seaboard Air-Line Ry.* v. *Barrow,* 18 *Ga. App.* 261 (5) (89 S. E. 383); *Espy* v. *Ash,* 42 *Ga. App.* 487 (2) (156 S. E. 474); *Ga. Ry. & Power Co.* v. *Bryans,* 35 *Ga. App.* 713 (134 S. E. 787). Accordingly, there was no error or substantial inaccuracy calculated to mislead the jury in the following charge: "If the plaintiff's injuries were *caused* solely by the negligence of . . the driver of the automobile in which she was riding, without any

*contributing* negligence on the part of the defendants' employee, then the plaintiff could not recover in this case. But if the negligence of the defendants' employee and the negligence of the driver of the automobile in which the plaintiff was riding *concurred in causing* the alleged injuries, that is to say, if the negligence of the defendants' driver . . in any way contributed to or partly caused such injuries, though the driver of the automobile in which she was riding . . may also have been negligent, then the plaintiff would be entitled to recover under the law, provided she could not have, by the exercise of ordinary care on her part, have avoided being injured."

3. Exception is taken to the admission in evidence of a traffic ordinance of the city where the collision occurred, declaring that vehicles on the right of another vehicle should have the right of way at street intersections, on the ground that the certificate attached to the evidence was dated October 29, 1934, and there was no presumption that the ordinance remained in effect on the date of the injury, August 23, 1935. The Code, § 68-303(g) declares: "An operator of a vehicle shall have the right of way over the operator of another vehicle who is approaching from the left in an intersecting highway, but shall give the right of way to an operator of a vehicle approaching from the right on an intersecting highway." Under the general rule that a condition once proved to exist will be presumed to have continued unless the contrary is proved, the ordinance was admissible, although the certificate as to its existence was dated about eleven months before the injury. The defendants offered no testimony to disprove such existence at the time of the injury, although they were put on notice by the petition that the plaintiff relied on the ordinance. Moreover, the State law as to the right of way at intersecting highways is substantially identical with the ordinance; and the plaintiff having in her petition relied on the statute as well as on the ordinance, and the judge having charged the law of negligence per se as to both, the defendants would not have been benefited by the exclusion from evidence of the ordinance.

4. "A palpable slip of the tongue on the part of the judge, in instructing the jury as to an abstract proposition of law, is not sufficient cause for reversing the judgment, where, upon consideration of it in connection with the context and all the rest of the

charge, it is plain that the jury could not have been misled." *Cochran* v. *State,* 9 *Ga. App.* 824 (2) (72 S. E. 281); *Miller* v. *State,* 50 *Ga. App.* 30, 33 (177 S. E. 82). The judge charged: "*Wherever* it has been shown, under the rules of law I give you in charge, that the statute of the State of Georgia, or the ordinance of the City of Rome in this case, has been violated, that is what the law designates as negligence per se; that is, negligence as a matter of law." The use of the word "wherever" instead of "if," in the light of the context and the rest of the charge, could not reasonably have misled the jury, so as to render the instruction subject to the criticism that it intimated an opinion that the statute and ordinance had been violated, and was otherwise erroneous. Error is also assigned on this instruction: "So I charge you that *from the pleadings in this case* you will determine the question as to whether or not the plaintiff suffered an injury or damage on the day and date as alleged, and, if so, whether such injury and damage was solely and proximately caused by, and was the consequence of, the negligence of the driver of the defendants' truck, in failing to give the automobile approaching from his right the right of way, that is, from the right-hand side of the defendants' truck; or whether the negligence of Mrs. Pope, in whose car the plaintiff was riding, and as contended in the plaintiff's petition, was the sole and proximate cause of the injury." It is contended that this charge was confusing and erroneous, in that it tended to mislead the jury into thinking that the questions in the case should be decided from the pleadings rather than the evidence. It appears that the court first fully stated the contentions of the parties from their pleadings, told the jury that they could read the pleadings, "and in that way see just what the plaintiff contends and what the defendant contends, and keep the issues clearly in your minds;" and then said: "I charge you that *the pleadings are not evidence;*" and gave the legal rule as to the burden of proof resting on the plaintiff "to establish each and every allegation in her petition by a preponderance of the evidence," with a definition of what constituted such preponderance, followed by the language attacked. Thereafter, at least six times, the court told the jury to "look to the evidence" or "determine from the evidence" in the case as to the truth of the contentions of the parties and the issues raised. The instruction complained of had manifest reference

only to the contentions of the parties and the issues as raised by the pleadings, and, in view of the context and the rest of the charge, could not reasonably have been misunderstood as telling the jury to determine the contentions and issues so raised regardless of the evidence.

The court properly refused a new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*