27048. SOUTHERN RAILWAY COMPANY *v.* BLANTON.

Decided December 1, 1938. Rehearing denied December 17, 1938.

*E. S. Griffith, Walter Matthews, Maddox, Matthews & Owens,* for plaintiff in error.

*Arnold, Gambrell & Arnold, Edwards & Edrawds,* contra.

Stephens, P. J. Mrs. Esther Blanton, as administratrix of Will Blanton, filed an action against Southern Railway Company to recover damages for the homicide of her husband, Will Blanton. A former decision in this case is reported in *Southern Ry. Co.* v. *Blanton, 56 Ga. App.* 232 (192 S. E. 437). That report sets out the pleadings and the rulings thereon by this court which do not need to be recounted here. On the trial from which the present writ of error arose the jury rendered a verdict for the plaintiff. The defendant moved for a new trial on the general grounds, and on 29 special grounds. This motion was overruled and the de-

fendant excepted, assigning error on the overruling of the motion on each and all of its grounds.

The testimony showed that the decedent was killed while acting as a brakeman or flagman at a place where a city street crossed a railway side-track at right angles. An engine moving eastward was backing two cars toward the crossing; the brakeman ran ahead of the forward car to the street; when he reached the pavement he immediately began waving his hands as he looked up the street towards the north. An automobile was coming rapidly towards the crossing from the north. Notwithstanding the action and gestures of the brakeman, both the automobile and the train continued to run. Just as the automobile got to the crossing it swerved to the right, crushing and pinning the brakeman against the moving train. The evidence showed that there were certain obstructions to the view on the north side of the side-track, which prevented the engineer from seeing the automobile as it approached the crossing. The plaintiff contended that under the usual practice of railroads in shifting cars across a "blind" crossing, the engineer should await a back-up signal from the flagman before pushing a car onto the street, stopping the train if necessary. She further contended that the brakeman was in full view of the engineer when attempting to flag the automobile, and that his actions and gestures were such as to warn the engineer of approaching danger, and that the engineer was negligent in not stopping the train. On the other hand the defendant contended that it was not necessary for the engineer to receive a signal from the flagman before coming on the crossing, but that he could continue to move the train until he got a stop signal from the brakeman. There was some evidence to support all of these contentions, although it was rather slight. There was also a conflict in the evidence about the signals given by the brakeman, the engineer claiming that he received a back-up signal, and the witnesses for the plaintiff saying that the brakeman did not signal the engineer at all but directed all of his efforts towards stopping the automobile. If there is any usage or custom in railroading on this point of dispute, whether an engineer in backing over a blind crossing has to get a go-ahead signal from the flagman before proceeding on the crossing, or whether he may continue the movement of the train in the absence of a stop signal, it would seem that more evidence could be obtained on the subject than

appears in the present record. It might be that the evidence of such custom adduced in the present case was not sufficient to take it out of the former decision of this same case in 56 *Ga. App.* 232 (192 S. E. 437). But as the case is to be reversed upon errors in the charge of the court, the testimony may be different on another trial, and it is not now necessary to decide whether the evidence was insufficient to support the verdict, or to apply the ruling made when the case was here before.

■ In the 18th ground of the motion for new trial the defendant complains of the following instruction to the jury: "If you find that the sole and proximate cause of the death of Mr. Blanton was the negligence of the driver of the automobile which struck him, then you should find for the defendant, provided the railroad company was not negligent in some other way or in some other manner, as hereinbefore charged you." It appears that the defendant requested the court to charge that "if you find that the sole and proximate cause of the death of Mr. Blanton was the negligence of the driver of the automobile which struck him, then you should find for the defendant." This was a perfectly legal request and the defendant was entitled to have it given in charge without qualification. The charge as given constituted reversible error. *Georgia Ry. & P. Co.* v. *Bryans,* 35 *Ga. App.* 713 (134 S. E. 787). It is true that the court in a subsequent part of the charge said: "I have given you the substance of the charge. I want to repeat that if you find that the negligence of the automobile driver was the sole cause of the injury and death of Blanton, he could not recover," and, "it must appear that the injury was the proximate result of one of the ways of negligence charged against the railroad company, and that must appear before you could find against the railroad company." It is contended by the plaintiff that any error in qualifying the defendant's request to charge in the manner above shown was sufficiently corrected by the subsequent language of the court. But it will be noticed that the later language does not purport to be a correction, but rather a repetition; of what had been charged before, and for this reason is insufficient as a correction.

■ In the 19th ground of the motion for new trial the defendant complained that a request to charge was qualified by the court by adding the following language: "Unless you find that the de-

ceased's signals, if you find he was giving any signals to the automobile, were in such a manner and in such a way as to indicate that the deceased was in a perilous situation. If the engineer saw it, then of course he would be required to stop his train and save the life of the deceased, although the deceased had not signaled him to stop." The particular objection is to the sentence beginning with the words "if the engineer saw it." It is contended for the plaintiff that the word "it" is to be understood as referring or being equivalent to "perilous situation." The defendant contends that the phrase means if the engineer saw the waving or signaling by the deceased. If the charge be construed as contended for by the plaintiff, it is still objectionable because, as pointed out by the defendant, it is not properly qualified with reference to the possibility of stopping the train in time to avoid the injury after the engineer saw "it," whatever that may mean. Besides, since the evidence shows that the engineer could not see the approaching automobile, the "perilous situation" could be known to the engineer only as an inference from the manner and actions of the flagman, and could not be seen by him. In other words, since the engineer could not actually see the perilous situation, the jury could have understood the charge as referring to the waving or signals by the deceased, and in that sense the charge was erroneous because it involved the decision by the court of the disputed question whether the engineer failed to exercise ordinary care by failing to stop the train.

The 20th ground of the motion for new trial alleges error in the following instruction: "I charge you further that any duty to give signals of any kind on approaching a street crossing is for the benefit of travelers on the street or highway, and not for the benefit of the employees of the railway company in charge of the operation of the train, except that it might be, under certain circumstances, for the benefit of aiding a member of the crew of the railroad company in performing his duty; in other words, if you find on this occasion that the whistle was blown along, and that that in any way would have aided Blanton to flag the crossing, of course the failure to blow the whistle should be considered by you on the question of whether or not the engineer was negligent in not blowing the whistle." The last clause of the above charge beginning with the words "if you find on this occasion that the whistle was

blown along" apparently contains a contradiction in that it permitted the jury to find the engineer negligent in not blowing the whistle although they found that on this occasion "the whistle was blown along." This instruction as a whole is not clear, and not exactly adapted to the facts of the case. On another trial the court will have the opportunity to revise and clarify it.

■ In the 3rd, 4th, and 5th grounds of the motion for new trial a number of objections were made to questions and answers in the examination of the witness Maffet who testified for the plaintiff. This witness had had ten years experience as an engineer in switching trains in the yards of the Atlanta Joint Terminals. He testified in effect that the proper way for an engineer about to back a train over a blind crossing over a street was to await a back-up signal from the flagman before pushing the train on to the street. On cross-examination he testified that he did not know the rules of the defendant company, or the practice in operating trains on the defendant's line, or whether there was any usage or custom in railroading about the matter in places other than the yards of the Atlanta Joint Terminals. The objections to this testimony go largely to the weight of the evidence rather than to its relevancy. So far as the objections go to its relevancy, it was not error to overrule the objections. No reason was suggested in the testimony why there should be less caution by the engineer in crossing a street in a small city than in a large one. The practice in the Atlanta Terminal yards as testified to by this engineer of ten years experience, was at least a slight circumstance which the jury could consider on the ultimate question of what ordinary care required the engineer to do under the circumstances shown in the case on trial. 22 C. J. 547, 549.

In the sixth ground of the motion for new trial several objections were made by the defendant to questions on cross-examination asked of Kelly, a witness for the defendant, regarding the practice or custom and the usual signals in a hypothetical case. The overruling of these objections was excepted to. If there was any error in these rulings it was harmless to the defendant, because the witness finally declined to testify one way or the other on the mooted point.

■ The remaining exceptions to the charge of the court, in view of the entire charge, do not show error. No other error appears.

■ The court erred in not granting a new trial.

*Judgment reversed. Sutton, J., concurs. Fellon, J., concurs, except as to the ruling in paragraph 3 of the opinion.*