33964.   SMITH *et al. v.* PAYNE, by next friend.

694

DECIDED MARCH 19, 1952.

*Herbert Kimzey, Weekes & Candler, Smith, Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland,* for plaintiffs in error.

*Ellard & Frankum, Walter P. McCurdy, H. O. Hubert Jr., F. Jack Adams,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special ground 5 of the amended motion for a new trial complains that the court erred in failing to instruct the jury as to the manner of ascertaining the damages if they should find that the plaintiff was only temporarily injured or disabled; and that the court should have charged that, if the "jury should find that the injuries received by the plaintiff were temporary, they should disregard the probable length of life of the plaintiff, and that in assessing damages for loss of earning capacity by reason of temporary injuries the jury should consider only the loss incurred during the existence of the temporary injuries." The judge charged fully on the measure of damages for loss of earning capacity in the event the jury should find the injuries to be permanent, and in this regard he charged on the mortality and

annuity tables. He further charged, as to pain and suffering, that the jury should determine whether it had ceased or would continue into the future, and he charged on impairment of capacity to earn money that the jury should determine whether the injury was permanent. He did not instruct that, in the event the injury was temporary, the jury should not consider the mortality tables. This was held to be reversible error in *Western & Atlantic R. Co.* v. *Knight,* 142 *Ga.* 801 (1) (83 S. E. 943). There was a decided conflict in the evidence as to whether the injuries received were of a permanent nature, one medical witness testifying that in his opinion there had been good union of the broken bone, and that within six months the plaintiff would be able to do any kind of manual work and lead an ordinarily active life. It is error, even in the absence of request, where an issue has been made by the pleadings and evidence as to the permanency of the plaintiff's disability, to fail to give in charge to the jury the method of computing the damages if the injuries were not permanent. *Atlantic Co.* v. *Taylor,* 82 *Ga. App.* 361 (3) (61 S. E. 2d, 204); *Seaboard Air-Line Ry.* v. *Brewton,* 150 *Ga.* 37 (102 S. E. 439); *Western & Atlantic R. Co.* v. *Michael,* 42 *Ga. App.* 603 (8) (157 S. E. 226); *Ga. Power &c. Co.* v. *Wilson,* 48 *Ga. App.* 764 (2) (173 S. E. 220); *Powell* v. *Jarrell,* 65 *Ga. App.* 453 (11) (16 S. E. 2d, 198); *Western & Atlantic R. Co.* v. *Roberts,* 144 *Ga.* 250 (86 S. E. 933); *Atlanta, B. & A. R. Co.* v. *Barnwell,* 138 *Ga.* 569 (75 S. E. 645); *Western & Atlantic R. Co.* v. *Smith,* 145 *Ga.* 276 (88 S. E. 983); *Central R. & Bkg. Co.* v. *Dottenheim,* 92 *Ga.* 425 (2) (17 S. E. 662). In this connection also, it might be pointed out that, while special ground 13 relating to the excessiveness of the verdict is abandoned by the plaintiff in error—for which reason it is not incumbent on this court to pass thereon,—the foregoing error cannot be held to be harmless on the ground that the verdict in the amount rendered was demanded. Although doubtless authorized, it cannot be said that it was demanded in that sum, and a lesser verdict would have been authorized and might have been rendered but for the error, for which reason a reversal is required. However, other grounds of the amended motion for a new trial will be discussed in order to afford a guide for the future trial.

■ Special ground 4 complains of the court's refusal, on request,

to charge the jury as follows: "I charge you, gentlemen, that if you should find that the negligence of the driver of the truck on which the plaintiff was riding was the proximate cause of the injuries of the plaintiff, then the plaintiff cannot recover in this case."

A request to charge must be apt and even perfect, and it is not error to fail to give a request which does not correctly state the principle of law involved. *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220 (10) (80 S. E. 36). As is pointed out by counsel for the defendant in error, the vice of the request here is that it ignores the principle of law that there may be more than one proximate contributing cause of injury (*Shermer* v. *Crowe,* 53 *Ga. App.* 418, 186 S. E. 224); and that, where two or more causes proximately contribute to the injuries complained of, recovery may be had against either one or both of the joint tort-feasors. Consequently, to relieve the defendant of liability, where both the defendant and another were negligent, it must appear that the negligence of the third party was the *sole* proximate cause of the injury and that the negligence of the defendant did not contribute thereto. *Lewis* v. *Williams,* 78 *Ga. App.* 494, 502 (51 S. E. 2d, 532); *Brooks* v. *Carver,* 55 *Ga. App.* 362 (190 S. E. 389); *Southern Ry. Co.* v. *Blanton,* 59 *Ga. App.* 252 (1) (200 S. E. 471). The charge was not in proper form, and the court did not err in failing to give it for this reason. However, the subject matter of the charge was one of the main issues of the case, and since both the pleadings and evidence made an issue as to whether there was any negligence on the part of the defendant or whether the injuries were caused solely by the negligence of the driver of the truck in which the plaintiff was riding, a correct charge on this subject would have been apt and pertinent. For the reason stated, however, this ground of the amended motion is without merit.

■ Special ground 6 complains of error in the following portion of the charge—"If you find in favor of the plaintiff, you will find such special damages as the plaintiff has proved with reasonable certainty. The amount of your award, however, cannot exceed the amount claimed by the plaintiff in his petition"—on the grounds that (a) special damages were not defined; (b) the items thereof and sum sued for were not stated; and (c) the items

should be limited to necessary expenses. This charge was immediately followed by the words, "Upon the feature of general damages, you will be authorized to find . . such amounts as would fairly compensate the plaintiff for physical and mental pain and suffering." The jury were then told that the elements of damages consisted of physical and mental pain, loss of wages, medical expenses, injury to health, loss of capacity to make a living, and so on. No request was made to define the term "special damages" or to charge more explicitly on this subject, and it does not appear that the jury could have been misled into thinking they could return a verdict based on special damages which had not been proved, or in an amount greater than had been proved. This ground is without merit.

■ Complaint is made, in special ground 7, as to the definition of proximate cause as "that which by a natural and continuous sequence, unbroken by any new cause, produces an event and without which the event could not have occurred," on the ground that it is incomplete and should have been "any new cause of itself sufficient to stand as the cause of the injury." This is, of course, a proper technical definition. See 65 C.J.S. 645; 38. Am. Jur. 695; *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395). But the words "unbroken by any new cause," used in this connection, are, we think, sufficient to convey this meaning to the lay mind, and it does not appear that their omission could have confused or misled the jury.

■ Complaint is made, in special ground 9, that the court, after charging that a duty to exercise ordinary care rested upon the defendants, failed to charge that the same duty rested upon the driver of the truck in which the plaintiff was riding. As stated in division 2 of this opinion, the real question as between the defendant and an alleged third party tort-feasor, is whether or not the alleged negligence of the third party constitutes the *sole* proximate cause of the injuries. The court charged that, for the plaintiff to recover, it must be shown that the defendant "was negligent in one or more of the particulars alleged and that such negligence was the proximate cause of the plaintiff's injury." This correctly presented the applicable law, and the ground is without merit.

■ The court charged in its entirety Code § 68-314, relating

to the manner in which motor vehicles may be parked along a State aid road. The defendant contends that this is error, for the reasons that the exceptions stated in the Code section involving passenger vehicles discharging passengers, or temporary stops reasonably incident to traffic conditions, do not apply to the circumstances of this case. Where the court gives in charge an entire Code section, a part of which is inapplicable to the issues, this is not ground for reversal unless it appears that the inapplicable portion was calculated to mislead or erroneously affect the jury in its rendition of the verdict. See *Eagle & Phenix Mills* v. *Herron,* 119 *Ga.* 389 (46 S. E. 405). The charge here could not reasonably have had a prejudicial effect.

■ The complaint in special ground 11, that the court did not sufficiently charge on the defendant's contentions, is negatived by examination of the charge; the court, having stated the affirmative contentions of the plaintiff, stated that some of these were admitted and others denied, stated the affirmative contentions of the defendant, and then instructed the jury that they would have the pleadings with them and would be at liberty to read them for a more complete elaboration of the case. The contentions were sufficiently stated in the absence of request for a more full and complete charge.

■ The court charged the provisions of Code (Ann. Supp.) § 68-316 (a), providing for the equipment of motor vehicles with front headlights having an efficient range of 500 feet and rear lights having a range of at least 200 feet, but did not charge the provisions of Code § 68-302, providing for "lamps clearly visible for a distance of not less than 100 feet from the front and rear." As between these two statutes (assuming that they are both of force), there is no doubt but that, as to the range of vision of headlights, the provisions of the former supersede those of the latter. The statute charged by the court is the one most favorable to the defendants. The court further did not charge the provisions of Code (Ann. Supp.) § 68-317 (a) and (c) relating to the use of reflectors in addition to lights. There is nothing in the pleadings or evidence regarding reflectors. A charge on this subject would have been unauthorized. The assignments of error in special ground 12 are therefore without merit.

■ Special ground 14 complains of the court's excluding the

answer of a doctor attending the plaintiff to the following question: "Did Mr. Jordan make any arrangements about his hospital bills?" This is contended to be error because Jordan may have had sufficient employees to come under the provisions of the Workmen's Compensation Law, and the plaintiff may have been entitled to recover thereunder for a part of his medical expenses. The plaintiff is not required to proceed for workmen's compensation. He is entitled to recover against these defendants for any injuries which he sustained, which would include his hospital and medical expenses.

In grounds 15 and 16, complaint is made that the court did not allow witnesses to testify as to statements made by the employer that the injuries of the plaintiff were due to the negligence of the driver of his truck, rather than the negligence of the defendant's driver. The evidence shows that the employer was not present at the time of the collision, but arrived some time after the occurrence and had no primary knowledge of who was to blame. Such a statement obviously was hearsay and in no event would have been binding on the plaintiff here.

Special ground 17 complains that the court refused to allow a witness for the defendant to testify as to what statement if any he heard a witness for the plaintiff make within the course of a few minutes after the occurrence. The witness in question, Paul Nunnally, was a witness for the plaintiff, and while on the stand the foundation for his impeachment by such questions was not laid by first asking Nunnally if he had made the statements which counsel for the defendant sought to prove by a subsequent witness used in behalf of the defendant. Such foundation for impeachment by proof of contradictory statements is essential. *Penn* v. *Thurman,* 144 *Ga.* 67 (86 S. E. 233); *Eugee* v. *State,* 159 *Ga.* 604 (126 S. E. 471). These assignments of error are without merit.

For the reasons set forth in division 1 hereof, the trial court erred in denying the motion for a new trial as amended.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*