### 34421. PLASPOHL *v.* ATLANTIC COAST LINE RAILROAD COMPANY.

DECIDED JANUARY 28, 1953.

*Myrick & Myrick,* for plaintiff in error.
*Bouhan, Lawrence, Williams & Levy,* contra.

TOWNSEND, J.   1. "A palpable slip of the tongue on the part of the judge in instructing the jury as to an abstract proposition of law is not sufficient cause for reversing the judgment, where upon consideration of it in connection with the context

and all the rest of the charge, it is plain that the jury could not have been misled." *Brooks* v. *Carver*, 55 *Ga. App.* 362, 363 (190 S. E. 389). Applying this rule to the first special assignment of error, it is obvious that the judge's inadvertence in using the word "employee" where he meant "employer" was a palpable mistake which could not have caused the jury to think that they must predicate a recovery upon negligence by the *employee.*

However, the second assignment of error complains of a slip of the tongue of a different sort, as follows: "The carrier is not to be charged with those injuries which result from *unusual* risks incident to the employment on the railroad, risks which cannot be eliminated through the carrier's exercise of reasonable care." This attempt to charge the assumption of risk doctrine reverses its meaning, since the rule is that "an employee assumes the *ordinary* risks and hazards of his occupation, and also those defects and risks which are known to him, or which are plainly observable, although due to the master's negligence." *Charleston & W. C. Ry. Co.* v. *Sylvester*, 17 *Ga. App.* 85 (86 S. E. 275); *Southern Ry. Co.* v. *Blanton*, 56 *Ga. App.* 232, 239 (192 S. E. 437). On the other hand he does not assume extraordinary hazards and risks unless he has notice thereof, unless the danger arising therefrom is so obvious that an ordinarily careful person, under the circumstances, would observe and appreciate them. *Southern Ry. Co.* v. *Wessinger*, 32 *Ga. App.* 551, 561 (124 S. E. 100). A jury would not be expected to be familiar with a rule of law so technical in its nature, and it cannot be presumed that this error would be obvious to it. The plaintiff contended throughout the trial that his injury resulted from an unusual occurrence, a movement of the train not ordinarily to be expected, but which the jury, under the defendant's evidence, might have believed the carrier could not have prevented by the exercise of reasonable care, since witnesses testified that there was always some slack to be taken up in a stopping movement, the amount of jerk depending on the amount of slack between the cars. No effort was made to clarify or correct the charge on the assumption of risk doctrine elsewhere in the charge. The portion of the charge complained of was erroneous, and injury must be inferred. *Nixon* v. *State*,

14 *Ga. App.* 261 (80 S. E. 513); *Moyers* v. *State,* 58 *Ga. App.* 237 (198 S. E. 283).

█ The fourth assignment of error is directed to the following portion of the charge: "If you find that the plaintiff and the employees of the company were both at fault and the plaintiff may in some way have contributed to the injury, and the plaintiff could not have avoided the consequences to himself caused by the defendant's negligence, if it was negligent, *if the plaintiff had exercised ordinary care,* the plaintiff may recover. But the damages should be diminished by the jury in proportion to the amount of the default attributable to the plaintiff." The court elsewhere charged that contributory negligence would not bar a recovery, but would decrease the damages, and further charged that ordinary negligence is the absence of ordinary care and diligence. "Failure to exercise ordinary care, which is but another name for contributory negligence, is not a defense to an action under the Federal Employers Liability Act." Patznsky *v.* Lowden, 317 Ill. App. 613 (47 N. E. 2d, 338). The trial judge in effect gave the jury two conflicting rules of law—one, that the plaintiff would not be barred by contributory negligence, and the other that, although guilty of contributory negligence, *he must have exercised ordinary care* before he would be entitled to the diminished verdict. He also instructed the jury that ordinary negligence is the absence of ordinary care and diligence and referred to contributory negligence as a "fault" or "default" on the part of the plaintiff, all of which, taken together, must certainly have confused the jury as to the extent to which the plaintiff could have participated in the causative factors leading to his injury and still be entitled to a recovery. It was held in *Tietjen* v. *Meldrim,* 169 *Ga.* 678 (151 S. E. 349) as follows: "A charge containing two distinct propositions conflicting the one with the other is calculated to leave the jury in such a confused condition of mind that they cannot render an intelligible verdict, and requires the grant of a new trial." See also *Savannah Electric Co.* v. *McClelland,* 128 *Ga.* 87 (57 S. E. 91); *Atlantic Coast Line R. Co.* v. *Andrews,* 20 *Ga. App.* 605 (93 S. E. 261); *Western & Atlantic R. Co.* v. *Clark,* 117 *Ga.* 548 (44 S. E. 1).

█ The remaining assignments of error are either without

merit or are not likely to recur on another trial of the case.

The trial court erred in overruling the motion for a new trial as amended.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*