36285. SELMAN *v.* DAVIS *et al.*

DECIDED SEPTEMBER 20, 1956—REHEARING DENIED OCTOBER 10, 1956.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Wellborn B. Cody, Hoke Smith,* for plaintiff in error.

*Hurt, Gaines & Baird, J. Corbett Peek, Jr., Robert S. Wiggins,* contra.

QUILLIAN, J. The plaintiff in error abandoned all grounds of the motion for new trial except grounds 5, 7 and 8.

1. Special ground 5 complains that the trial judge erred in failing to instruct the jury, with reference to the use of the mortality table introduced by the plaintiff, that they should first determine whether the injuries were permanent, and that if they found that the injuries were not permanent then they should disregard the mortality table and not use it at all. There was a conflict in the evidence as to whether the injuries sustained by the plaintiff were of a permanent character. The trial judge

instructed the jury that they should determine whether the injuries were permanent, and also that they might use the table of mortality figures or not, as they might see fit. But there was no express instruction to the effect that the table could only be used if it were determined that the injury was of a permanent character, nor was the jury so instructed as to make it clear to them as to when the use of the mortality table was proper and appropriate in measuring the plaintiff's damages. *W. & A. R. Co.* v. *Knight*, 142 *Ga.* 801 (1) (83 S. E. 943); *W. & A. R. Co.* v. *Smith*, 145 *Ga.* 276, 277 (6) (88 S. E. 983). The trial judge erred in failing to instruct the jury as to the proper time at which to consider the mortality table introduced. While we cannot reconcile this holding with what was held in *Draper Canning Co.* v. *Dempsey*, 91 *Ga. App.* 593 (86 S. E. 2d 678), and *City of Macon* v. *Yaughn*, 83 *Ga. App.* 610 (64 S. E. 2d 369), we feel constrained to follow the Supreme Court decisions. *W. & A. R. Co.* v. *Michael*, 42 *Ga. App.* 603, 604 (8) (157 S. E. 226); *Georgia Power &c. Co.* v. *Wilson*, 48 *Ga. App.* 764 (2) (173 S. E. 220); *Atlantic Co.* v. *Taylor*, 82 *Ga. App.* 361 (61 S. E. 2d 204); *Smith* v. *Payne*, 85 *Ga. App.* 693 (70 S. E. 2d 163); *Davison-Paxon Co.* v. *Archer*, 91 *Ga. App.* 131 (85 S. E. 2d 182).

2. Special ground 7 assigns error upon the following charge: "Insofar as the defendant Jennings is concerned, the plaintiff would be entitled to recover against the defendant Jennings in respect to any injuries or personal injuries sustained or which may have been sustained by the plaintiff, unless as heretofore indicated to you you should find that the plaintiff is not entitled to recover against the defendant Selman, for if you should find that the plaintiff is not entitled to recover against the defendant Selman then the plaintiff would not be entitled to recover against the defendant Jennings, notwithstanding the case is in default as to the defendant Jennings because of the fact that the defendant Jennings is a resident of DeKalb County, Georgia."

The plaintiff in error contends that the charge was prejudicial to her because it instructed the jury that it must find against her in order for a judgment against the defendant, Mrs. Jennings, to be binding. The movant contends that the charge encouraged the jury to return a verdict against her. This was a correct abstract principle of law, instructing the jury that the court had

jurisdiction of the nonresident defendant only by reason of its jurisdiction over the resident defendant, and that the jury was without authority to enter a judgment against the nonresident defendant unless it also found against the resident defendant. *Central of Ga. R. Co.* v. *Brown,* 113 *Ga.* 414 (38 S. E. 989, 84 Am. St. R. 250); *Warren* v. *Rushing,* 144 *Ga.* 612 (87 S. E. 775); *Evans* v. *Garrett,* 72 *Ga. App.* 846 (35 S. E. 2d 387). This ground is without merit.

3. Special ground 8 of the motion for new trial complains that the trial judge erroneously charged the jury with reference to the plaintiff's right to recover for mental and physical pain and suffering. The plaintiff in error insists that the petition did not seek a recovery for, and did not even mention, mental pain and suffering. She further insists that there was no evidence of mental pain and suffering. The petition alleged ". . . your petitioner has suffered great pain and will continue to suffer much pain . . . ," and the record discloses evidence as to the plaintiff's mental pain and suffering. In *N. C. & St. L. R. Co.* v. *Miller,* 120 *Ga.* 453 (6) (47 S. E. 959, 67 L. R. A. 87, 1 Ann. Cas. 210), it was held: "An allegation in a petition, that the plaintiff 'has suffered and will continue to suffer great pain,' is sufficient to authorize the admission of evidence that mental pain has been suffered; and when such evidence is admitted, there is no error in charging the jury that in assessing the damages they may take into consideration the mental pain suffered by the plaintiff." There is no merit in special ground 8.

*Judgment reversed. Felton, C.J., and Nichols, J., concur.*