36892. BROOKHAVEN SUPPLY COMPANY *et al. v.* NEWMAN.

DECIDED OCTOBER 28, 1957—REHEARING DENIED NOVEMBER 21, 1957.

GARDNER, P. J. 1. Special ground 1 assigns error on an excerpt from the charge of the court substantially to the effect that the jury had an option as to whether or not they could use the Carlisle Mortality Table, without instructing them that the table could be used only if the jury should find that the injuries of the plaintiff were permanent and without making it clear as to when the use of the table was proper and appropriate in measuring the plaintiff's injuries. It is contended that the charge was not full and complete on this point. The court charged as follows: "The plaintiff contends that his injuries are permanent. In other words, he contends that they will last for the rest of his life. The defendants deny that the injuries of the plaintiff are permanent, if he was injured at all, and I charge you that the portion of the law which I shall now give to you in charge will be considered by you only in the event that you find that the plaintiff has suffered a permanent injury in the case. If you find that he has not suffered injury at all, or if you find he has suffered injury which is not of a permanent nature, you will not consider the charge which I shall now give you. But I charge you that if you find that the plaintiff has suffered a permanent injury and that he will suffer a decrease in his earning capacity for the rest of his life, you would arrive at the gross amount of such lost future earnings."

The court then charged: "There is in evidence a certain table known as a mortality table, which the jury may or may not use, as they see fit." The court then went fully and extensively into the method of using the mortality table. In *Western & Atlantic R. Co.* v. *Smith*, 145 *Ga.* 276 (6) (88 S. E. 983) this court said: "There being conflict in the evidence as to the extent of the injury to the plaintiff's person, and whether it was permanent or temporary in character, the court in instructing the jury as to the manner of using the annuity table in 70 *Ga.* 847, which had been introduced in evidence, should have so charged as to inform them that the table should not be used unless they be-

lieved that the injury was permanent. The charge given on the subject of the tables, and its context, were not such as to make this clearly appear." It will thus be seen that the charge there was not such as given in the instant case. *Davison-Paxon Co.* v. *Archer,* 91 *Ga. App.* 131 (85 S. E. 2d 182), cited by counsel for the defendant, fails to show cause for reversal of the instant case because of different phraseology used by the trial judge there and here. Such is also true of the following cases: *Western & Atlantic R. Co.* v. *Knight,* 142 *Ga.* 801 (83 S. E. 943); *Powell* v. *Jarrell,* 65 *Ga. App.* 453, 467 (11) (16 S. E. 2d 198), and *Selman* v. *Davis,* 94 *Ga. App.* 450 (95 S. E. 2d 44). In all the cases cited the ruling is that the court should make it clear to the jury when it is legally correct to use the mortality tables. It is our opinion that the court made it clear to the jury in the instant case as to the proper use of the Carlisle Mortality Table, and the special grounds show no cause for reversal.

Special ground 2 assigns error because it is contended that the court erred in failing to instruct the jury that the Carlisle Mortality Table could be considered by the jury only if the jury determined that the injuries of the plaintiff were of a permanent nature, and in failing to make it clear as to when the table could be used.

Special ground 3 assigns error because it is contended that the court erred in not instructing the jury so as to make it clear as to when the use of the Carlisle Mortality Table was proper and appropriate in measuring the plaintiff's damages. We see very little, if any, difference in the assignments of error of the three special grounds. They all refer to instructions or failure to instruct as to when the mortality table should be used. When the judge instructed the jury, if the disability were permanent, to determine "the gross amount of such lost future earnings" he was instructing them to find a total amount for the rest of the plaintiff's life, and he followed this by giving them the two principles which, in addition to the amount of diminution shown by the evidence, they would need to arrive at the figure—that is, the formula for determining the length of life, and the formula for reduction to present cash value. Under these circumstances the jury could not possibly be misled into believing the mortality tables were to be used if the injury were only temporary in char-

acter. In our opinion this charge amply met these requirements. The special grounds, in view of the entire charge, show no cause for reversal.

2. The evidence is sufficient to sustain the verdict of the jury. *Judgment affirmed. Townsend and Carlisle, JJ., concur.*