40574. MATHIS v. PATRICK, by Next Friend.

JORDAN, Judge. Ray Ervin Patrick by next friend filed suit against Joe Brown Mathis to recover damages for personal injuries allegedly sustained by the plaintiff in a collision between a farm tractor operated by the plaintiff and the defendant's automobile. The jury returned a verdict for the plaintiff and the exception is to the denial of the defendant's amended motion for new trial. *Held:*

1. Special ground 1 assigns error on the failure of the court to charge the jury "on the use of the mortality tables introduced

by plaintiff without objection for the purpose of showing the life expectancy of the plaintiff." This ground is without merit. The plaintiff in this action was a minor and in his petition he sought general damages only for pain and suffering, past, present and future. In such case there is no fixed mathematical rule for determining damages, the sole measure of damages being the enlightened conscience of impartial jurors; and it is not necessary for the trial court to instruct the jury on the use of mortality tables. *Atlanta, K. & N. R. Co. v. Gardner,* 122 Ga. 82 (2, 10) (49 SE 818); *American Fidelity &c. Co. v. Farmer,* 77 Ga. App. 166 (14) (48 SE2d 122).

The cases of *Southern R. Co. v. Daniell,* 102 Ga. App. 414 (116 SE2d 529), *Selman v. Davis,* 94 Ga. App. 450 (95 SE2d 44), and *Smith v. Payne,* 85 Ga. App. 693 (70 SE2d 163), relied upon by the defendant as authority for his contention that the court should have instructed the jury on the use of mortality tables are inapplicable here. These cases stand for the proposition that when the trial court in a proper case affirmatively charges the jury on the use of mortality tables, the court must clearly charge the jury that such tables are to be considered only if they find the plaintiff's injuries to be permanent and are not to be considered if said injuries are temporary only. The assignment of error in this ground did not raise such issue and under the record here it was not error for the court to omit from its charge instructions on the use of mortality tables.

2. The trial court in instructing the jury in regard to applicable Code sections to be considered on the issue of negligence per se gave to them the provisions of *Code Ann.* § 68-1701 to the effect that it is a misdemeanor for any person to drive a vehicle which is not at all times equipped with such lamps and other equipment in proper condition and adjustment as required in sections 68-1701 through 68-1722. The court then charged: *"Now, Section C of this Code Section provides the provisions of Section 68-1701 through 68-1722 with respect to equipment on roads shall not apply to implements of husbandry, road machinery, road rollers or farm tractors except as herein made after—or herein made applicable.* Every farm tractor equipped with an electric lighting system shall at all times mentioned in Section 68-1702 display a red tail light and either multiple beam or single beam road lighting

equipment meeting the requirements of Section 68-1705 and Section 68-1713."

Special ground 4 assigns error on the italicized portion of the above quoted excerpt from the charge on the grounds that said charge was inapplicable to this case since the record disclosed that the plaintiff's tractor was equipped with lighting equipment and that the giving of said inapplicable portion of *Code Ann.* § 68-1701 in charge to the jury was confusing and misleading to the jury and constituted prejudicial error.

This ground is likewise without merit. Immediately following the excerpt complained of, the court charged the remainder of subsection (c) of *Code Ann.* § 68-1701 which specifically provided that farm tractors equipped with an electric lighting system were included within the purview of *Code Ann.* § 68-1702; and the court elsewhere in the charge specifically charged the jury that the plaintiff could not recover if he was negligent in being on the highway without lights on his vehicle. The question of whether or not the plaintiff's tractor was equipped with proper lights, including a red tail light, as required by *Code Ann.* § 68-1701 (c), was clearly before the jury who under the evidence were authorized to find that it was properly equipped; and the charge complained of was not harmful to the defendant for any reasons assigned. As stated in *Smith v. Payne,* 85 Ga. App. 693 (6), supra, the fact that the court charges more of a Code section than is applicable to the case "is not ground for reversal unless it appears that the inapplicable portion thereof was calculated to mislead or erroneously affect the jury. . ." See *Brock v. Avery Co.,* 99 Ga. App. 881 (6), 886 (110 SE2d 122).

3. The remaining special grounds and the general grounds have been abandoned.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

DECIDED MARCH 17, 1964.

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Reginald C. Haupt, Jr., Zorn & Royal, William A. Zorn,* for plaintiff in error.

*Peyton Miles, Thomas & Thomas, W. Glenn Thomas, Sr.,* contra.