## 42182.  ARMSTRONG v. BAILEY et al.

FELTON, Chief Judge.  1.  In an action against one of two joint tortfeasors it was error for the court to instruct the jury that it would have to find, in order to find in favor of the plaintiff, that the acts of negligence on the part of the defendant were *"a sole and proximate cause"* of plaintiff's injuries and damages. *Brooks v. Carver,* 55 Ga. App. 362 (2) (190 SE 389); *Chandler v. Brittain,* 48 Ga. App. 361, 362 (172 SE 745).  The court first used the expression "the sole and proximate cause" but withdrew it and substituted "a sole and proximate cause." The two expressions mean the same thing since the idea of "sole", included in the expressions, produces the same legal consequence.  The evidence authorized a finding that the concurring negligence of both tortfeasors, the one sued and the one not sued, combined to produce the plaintiff's injuries and the charge excluded such a finding.  That the proper and correct charge was elsewhere given does not nullify the error when the erroneous charge was not called to the attention of the jury and corrected or withdrawn.

2. The evidence authorized the charge on accident as between the parties to the case even if another's negligence could have been found to cause the damages sued for. *Boatright v. Sosebee,* 108 Ga. App. 19 (132 SE2d 155).

3. It is not a good exception to a charge which states a correct principle of law applicable to a case that it does not include another applicable principle.

The court erred in overruling the amended motion for a new trial because of the error shown in the first headnote.

*Judgment reversed.  Frankum and Pannell, JJ., concur.*

ARGUED JULY 5, 1966—DECIDED SEPTEMBER 6, 1966.

*Cowart, Sapp, Alaimo & Gale, G. B. Cowart,* for appellant.

*Bouhan, Lawrence, Williams & Levy, Frank W. Seiler,* for appellees.