## 52624. SAFECO INSURANCE COMPANY v. PARRISH et al.

McMURRAY, Judge.

Safeco Insurance Co. insured property of Russ and Maxine H. Parrish for damages resulting from fire loss. The dwelling was used as rental property and the premises were left partially destroyed by fire. Proof of loss was thereafter submitted by the owners, claiming it would cost approximately $39,000 to repair the premises, and they demanded payment of the face amount of the policy, $30,000. The insurer rejected the proof of loss, contending that all items damaged by the fire could be repaired by a contractor who had furnished the insurer an agreed contract price in the amount of $20,805.41, and that the company was ready and willing to settle based on the estimate of $20,805.41, less $951.61 for depreciation. This offer was rejected.

Thereafter the owners sued the insurer in the

amount of $30,000, which was the maximum coverage, together with 25% penalty and reasonable attorney fees.

The case came on for trial and the jury returned a verdict for the plaintiff in the principal amount of $28,000 for repairs and replacement and further found the defendant in bad faith and recommended a penalty of $4,000 plus attorney fees of $1,500. The judgment followed the verdict.

Defendant paid the $28,000 actual damages and filed a motion for new trial challenging the jury verdict as to bad faith, penalties and attorney fees. Motion for new trial was denied and defendant appeals. *Held:*

All of the enumerations of error relate to the question of whether or not there is any evidence of bad faith so as to authorize the findings of the jury. The insurance contract specifically covered up to $250 per month for the loss of rental value, yet the defendant insurance company did not offer anything for rent. Defendant also deducted from its written offer $951.61 for depreciation, although the contract did not provide for a depreciation deduction, which it unjustifiably sought to be deducted from the estimate of repairs. The repair estimate attached to a letter offer to plaintiff of $19,853.80 was based upon a repair estimate of a construction company in the amount of $20,805. However, the repair estimate shows a considerably higher amount for the actual repairs, and some of the items shown thereon do not meet the original construction of the dwelling in regard to substituted items. For instance, it eliminates plaster and substitutes sheet rock. Nor did the defendant ever pay any funds into court and more than a year from the date of the proof of loss as to the fire to the date of trial would result in considerable lost interest on the amount of damages. The award of $28,000 by the jury has not been contested and is within $2,000 of the actual amount claimed by the plaintiff under the policy limits. The above evidence shows clearly that the jury was authorized to make an award of bad faith and attorney fees. See *Reserve Life Ins. Co. v. Ayers,* 217 Ga. 206 (2) (121 SE2d 649); *U. S. F. & G. Co. v. Evans,* 223 Ga. 789 (158 SE2d 243); *Watertown Fire Ins. Co. v. Grehan,* 74 Ga. 642, 657; *Metropolitan Life Ins. Co. v. Lathan,* 77 Ga. App. 6, 9 (47 SE2d 596); *Jackson v.*

*Motors Ins. Corp.,* 97 Ga. App. 658 (104 SE2d 253); *North British &c. Ins. Co. v. Mercer,* 90 Ga. App. 143, 145 (82 SE2d 41); *Lumbermen's Underwriting Alliance v. First Nat. Bank &c. Co.,* 100 Ga. App. 217, 228 (110 SE2d 782).

*Judgment affirmed. Marshall and Smith, JJ., concur.*

ARGUED SEPTEMBER 8, 1976 — DECIDED OCTOBER 4, 1976 — REHEARING DENIED NOVEMBER 24, 1976.

*Dennis, Corry, Webb, Carlock & Williams, Dennis J. Webb, Douglas Dennis, H. James Winkler,* for appellant.

*Hatcher, Meyerson, Oxford & Irvin, Stanley P. Meyerson,* for appellees.

ON MOTION FOR REHEARING.

In defendant's original brief it argued enumerations of error 2 and 3 together with reference to the trial court's instructions to the jury, contending that the instructions were "improper, confusing and argumentative." The first portion of the argument in the brief in regard thereto concerned itself with the fact that the issue of bad faith, penalty and attorney fees should not have been submitted to the jury at all, inasmuch as the evidence did not authorize it. Consequently, in our opinion and decision above we thought we had covered completely all of the arguments of the defendant with reference to its enumerations of error. On motion for rehearing defendant contends that we failed to deal with defendant's complaint found in enumerations of error 2 and 3; that the trial court's instructions in regard to bad faith, penalty and attorney fees were confusing and argumentative. We now consider these enumerations of error.

The court in its original charge instructed the jury the law that in the event of a loss which is covered by a policy of insurance and refusal of the insurer to pay the same within 60 days after demand has been made by the holder of the policy, and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 25% of

the liability of the insurer for the loss; and if the jury should find that the insurer had acted in bad faith, "and if you further find that you want to award 25% plus attorneys fees, the 25% would be added to any amount that you would determine that the plaintiffs would be entitled to recover, provided you find that they are entitled to recover more than $22,000." The court added that "if they are entitled to the penalty and you find over $22,000, then the 25% penalty would be attached to the gross amount you find that the plaintiff is entitled to." As to the form of verdict the jury was to return "for the defendant" up to $22,000, or in an amount in excess of that "if you so determine and if you determine that they are entitled to collect a penalty as given you in charge, then you would figure the percentage of penalty that you think they might ought to recover and add that to your verdict, and if you further find that they are entitled to reasonable attorneys fees, then you would be authorized to add that to your verdict, in which event it would be three separate dollars and cents value in your verdict."

Before retiring a juror wanted to know "on what basis should we determine attorneys fees," and the court instructed them to determine that "from the evidence you heard pronounced from the stand."

During the colloquy when a suitable opportunity was offered counsel to make objections to the charge, counsel for plaintiff objected to one of defendant's written requests which would have allowed a deduction for depreciation. Whereupon the court stated that it was going to recall the jury and withdraw this charge as to depreciation. Counsel for defendant then excepted to the court's charge as a whole on the issue of penalties and bad faith contending that if the jury determined for the plaintiff in the amount of $22,000 or up that the jury was required to impose penalty and bad faith. Whereupon the court stated that since he was going to recharge the jury with reference to deductions for depreciation he would also recharge as to penalty. The jury was recalled and the charge regarding depreciation was withdrawn and at that time the court charged the jury that in no event would the jury be authorized to bring in a penalty for insurance unless "you

find that the company had acted in bad faith."

Whereupon the jury returned a verdict, "We, the jury, find for the plaintiff $28,000.00 for repairing the place; attorneys fees $1,500.00; rent $4,000." Whereupon the court instructed the jury that there was nothing for them to consider about rent and they would have to go back in the jury room and reconsider the verdict. The court again instructed the jury as to the form of its verdict, that is, if they found for the plaintiff in the principal sum of a certain amount and "if you find there was bad faith, then you must bring in some penalty before you can bring in attorneys fees"; that they must find there was bad faith but the law did not require them to impose a penalty, but "if you find that there is bad faith you can bring in attorneys fees or penalty, either one or both." The jury foreman still stated it was confusing. The court instructed them to go and reach a verdict and he would tell them how to reduce it to writing.

Counsel for defendant again objected and after argument the court brought the jury back again for further instructions as follows: "If you bring in any amount except the principal, you have to say in your verdict, 'we further find bad faith and we award so much penalty and attorneys fees,' either one or both, but you must find in your verdict that there was bad faith."

Counsel for defendant again objected to the language in which the court instructed them as to penalties, attorney fees and bad faith, and the court again instructed them that "in order to bring in attorneys fees you must find 'bad faith' in some amount, then you can award attorneys fees, but you must bring in a verdict in some amount for the penalty of 'bad faith.'" Whereupon a juryman inquired, "up to 25%?" The court: "25%, if you find there was 'bad faith' plus attorneys fees, if you find they are entitled to attorneys fees." And again counsel for defendant excepted to the recharging by the court.

The jury returned with the verdict, stating they wanted help in writing it out, and the court inquired that they write out what they had, which was "find for the plaintiff in the amount of $28,000. We further find the defendant in bad faith and recommend penalty of $4,000 plus attorneys fees $1,500." Whereupon the court

instructed them to add, "We, the jury, find the following," and sign it and let it be published. Whereupon the jury verdict was published as follows: "We, the jury, find for the plaintiff in the principal amount of $28,000.00 for repair and replacement. We further find the defendant in bad faith and recommend penalty of $4,000.00 plus attorneys fees $1500.00. This the 11th day of February, 1976."

Defendant's argument is that the series of recharges regarding the imposition of the bad faith penalty and attorney fees constituted reversible error in that the recharges confused the jury because the trial court failed to withdraw his previous charges on the topic, citing *Armstrong v. Bailey,* 114 Ga. App. 269 (1) (150 SE2d 693); that if an erroneous charge is given and thereafter the proper and correct charge is given without the incorrect charge being corrected and withdrawn, it is error. But the charges as formerly given were not erroneous for counsel for defendant insurance company had asked that the jury return a verdict for $22,000. The court instructed them that they were bound by the $22,000, but might return a verdict for whatever amount the jury wanted to, and the court then proceeded to charge that if you believe under the charges given you that the plaintiff is entitled further to collect a penalty as given you in charge, then you would figure the percentage penalty that you think they might ought to recover and you would also add that to your verdict, and if you further find that they are entitled to reasonable attorneys fees then you would be authorized to add that to your verdict." Much of the recalling and repeating of the charge as to bad faith, penalty and attorney fees was the result of defendant's counsel's insistence that the court was in error in its instructions thereon. The jury itself stated that it was confusing, particularly so since it returned a value for rent separate from the amount of principal. The court did not invade the province of the jury by instructing them to return a bad faith penalty if they wanted to award attorney fees as the jury had shown it wanted to award attorney fees. The charge as given was not erroneous and the jury returned a verdict in conformity thereto. There is no merit in these enumerations of error.

*Motion for rehearing denied.*