Taylor, Administrator, Appellant, vs. Seil, Respondent.

*November 18—December 11, 1903.*

*Negligence: Furnishing firearms to minor child: Liability of parent for negligence of child: Construction of statutes: "Pistol": "Revolver": "Toy firearm": Appeal and error: Instructions to jury: Failure to request: Waiver.*

1. Defendant purchased a 22-caliber Stevens rifle for the use of his seventeen-year-old son Nicholas, who was accustomed to hunt, and was frequently accompanied by a seven-year-old brother, Jesse, who, on such occasions, usually carried the gun. Defendant knew of these facts but had given positive instructions that Jesse should never be allowed to have the rifle in his hands while loaded, and had no knowledge that such instructions were ever disobeyed. In an action to recover for the neg-

Taylor v. Seil, 120 Wis. 32.

ligent killing of plaintiff's intestate, while the rifle was in the possession of Jesse, held, that it was not error to refuse to direct the jury to find defendant negligent, or refuse to set aside a verdict finding the contrary.

2. A 22-caliber Stevens rifle is not a pistol or revolver, within the calls of sec. 4397, Stats. 1898, prohibiting any dealer or other person from selling, loaning or giving any pistol or revolver to any minor.

3. A 22-caliber Stevens rifle, used for hunting and killing game, is not a toy pistol, toy revolver or toy firearm, within sec. 4397a, Stats. 1898, denouncing a punishment on the use or possession of such.

4. An appellant waives any mere omission to instruct the jury upon any given subject by failure to present, in writing, request for such instruction.

APPEAL from a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. Affirmed.

Action for damages resulting from the death of plaintiff's son by a shot from a gun claimed to have been held and discharged by the seven-year-old son of the defendant. The evidence tended to prove that the defendant purchased what is described as a Stevens 22-caliber rifle, shooting a powder and ball cartridge, for the use of his son Nicholas, about seventeen years old, who was described as severely crippled in his lower limbs, so that walking was very difficult; that Nicholas was accustomed to hunt with this rifle, and on frequent occasions was accompanied by his little brother, Jesse, who on such occasions usually carried the gun for him to and from the woods; that Nicholas was intelligent, skilful, and careful in the use of the weapon; that the defendant knew of the custom of Jesse to accompany Nicholas and to carry the gun, but had given positive instructions that he never be allowed to have it in his hands when it was loaded, and that Nicholas obeyed such instructions; and that, if he disobeyed them at any time, as to which testimony conflicted, such fact had never come to the defendant's knowledge. On April 6, 1902, the boys went hunting, and were joined by three sons of the plaintiff, including Irving, about six years old; all of

the boys going to a stream to catch minnows.   Nicholas laid
the gun on the ground, and went out onto a board across the
stream with a net.   None of the older boys were watching the
two smaller ones until the discharge of the gun was heard,
whereupon plaintiff's son Irving was discovered on his back,
and was dead when they reached him, from a gunshot wound
just below the eye.   The evidence is in conflict as to whether
the gun was in the hands of defendant's son Jesse, or lying
on the ground.   The jury, however, found that the discharge
was caused by his want of ordinary care in handling it, and
that the deceased boy was guilty of no contributory negli-
gence.   The jury further found that defendant knew of, and
consented to, Jesse's carrying the gun for Nicholas, but not
to his carrying or handling it when it was loaded, or to its use
and discharge by him; also that the defendant was guilty of
no want of ordinary care in so doing.   After motion to set
aside this verdict and for a new trial had been overruled,
judgment for the defendant was entered, from which the
plaintiff brings this appeal.

M. C. Mead, for the appellant.

For the respondent there was a brief by Andrew Gilbert-
son, attorney, and Francis Williams, of counsel, and oral
argument by Mr. Gilbertson.

Dodge, J.   1. Appellant's principal contention is that the
trial court ought to have found respondent's negligence estab-
lished as matter of law, and either directed the jury to find
him negligent, or set aside their finding to the contrary.   The
substance of the facts disclosed by the evidence is set forth
in our statement of facts.   We are not prepared to say that
no reasonable mind could reach a conclusion of ordinary
care therefrom.   It certainly is not unusual among farmers
that boys of seventeen are intrusted with firearms.   Nor is
it obvious negligence to intrust the carrying of an unloaded
gun to a boy of six or seven.   Further than this the conduct

of respondent did not go, at least according to evidence which the jury might have believed. We therefore cannot hold that the court should have taken from the jury the question of defendant's negligence, nor that it should have set aside their verdict thereon.

Counsel further urges, however, that respondent was guilty of negligence, in law, because his acts were prohibited by express statutes, namely, secs. 4397, 4397a, Stats. 1898. The first of these provides, so far as material to the discussion: "Any dealer or other person who shall sell, loan, or give any pistol or revolver to any minor shall be punished," etc. It suffices to point out that the gun in question was neither a pistol nor revolver, and therefore not within this criminal statute, entitled to strict construction. The latter section denounces punishment on use or possession of "any toy pistol, toy revolver, or toy firearm." We find no proof that the rifle in question was a toy. It is described as a 22-caliber Stevens rifle. It is shown to have been used for hunting and killing game, and to have been capable of killing a human being. With nothing else in the way of proof, we cannot think it established that this was a toy firearm, within the strict words of the statute.

2. Error is assigned because of omission to give to the jury any definition of the meaning, in law, of the expression "want of ordinary care," in submitting a question whether defendant was guilty thereof. No request, either written or oral, for any instruction defining this expression, was made. We have very recently reiterated the rule that an appellant waives any mere omission to instruct upon any subject by failure to present request for such instruction, and that in writing, and ordinarily will not be heard to assign error for such omission. Our recent review of that subject has been so complete that we need not go over it again. *Hacker v. Heiney,* 111 Wis. 313, 87 N. W. 249; *Schroeder v. W. C. R. Co.* 117 Wis. 33, 41, 93 N. W. 837; *Barton v. Bruley,*

119 Wis. 326, 96 N. W. 815; *Cupps v. State, post,* p. 504, 97 N. W. 210.   Doubtless there are instances where this court has yielded the exact enforcement of this rule in order to correct what appeared very obviously to be the result of misapprehension and confusion of the jury, whether to the promotion of orderly procedure or of justice, in the long run, may be questionable.   Certainly only in clear and extreme cases can that be warranted.   The present record presents no reason to doubt that the jury understood the expression "want of ordinary care," and answered the question intelligently.   Appellant cannot now be heard to assign error upon the failure of the trial court to do what he did not request be done.

Certain alleged errors in the instructions upon proximate cause and damages need not be considered, for the jury never reached either of those subjects.

We find no assignment of error which can be sustained.

*By the Court.*—Judgment affirmed.