### 1250.  MATHEWS, by next friend, *v.* CALDWELL.

1. Section 344 of the Penal Code, which forbids the furnishing of a pistol, etc., to a minor, has in contemplation weapons, and not mere toy imitations of weapons, not reasonably capable of being put to the use for which the corresponding weapon is intended.

(a) The name by which the implement is called is in no wise controlling in determining whether it is within the purview of the above-mentioned code section. To call a toy a pistol does not make it a pistol; to call a pistol a toy does not make it a toy; nor is the essential character of the thing changed by the purpose for which it is sold or used in a particular case.

2. Jurors are presumed to bring into the box not only uprightness, but also intelligence; and this intelligence includes a high degree of experience and knowledge as to the ordinary things of life. As to all issuable matters arising in any case, unless it is purely a question of law, they are quasi experts. Where it is doubtful whether a mechanical contrivance in the form of a pistol introduced in evidence is a pistol or not, the question should be submitted to the jury, to be solved by their presumptively high skill and knowledge as to such matters.

(a) The court erred in holding as a matter of law that the so-called toy pistol, the real nature of which is the controlling question in this case, is not a pistol within the purview of section 344 of the Penal Code, and in granting a nonsuit.

Action for damages, from city court of Atlanta—Judge Reid. March 20, 1908.

Submitted July 16,—Decided December 22, 1908.

The plaintiff, a minor female, by her next friend sued the defendant for injuries received through the discharge of what the petitioner alleges to be a pistol sold her by the defendant. She was trying to load it, when it was accidentally discharged into her hand, causing a wound from which tetanus ensued. At the time of the sale and injury she was eleven years old. The sole act of

negligence charged is that the defendant, in violation of section 344 of the Penal Code, sold her a pistol, the same being a weapon within the purview of that section, and that he knew, or ought to have known, that by reason of her immature age and indiscretion she was like to injure herself.

The proof showed, that the defendant was a dealer in toys, that it was Christmas time, and that the plaintiff came to the defendant's store to buy fire-crackers.  He had sold out all the fire-crackers he had, and recommended to her a toy pistol and blank cartridges, which she bought.  This implement and the cartridges that were sold with it were exhibited to the jury, and, by agreement of counsel, contained in the record, it has been brought before this court for inspection and for consideration along with the evidence. The so-called pistol is a crude affair, with the general outlines of a pistol, is marked "American Bull Dog," has a trigger and hammer, and a barrel about 2½ inches long, fixed movably on a pivot, so that it may be unbreeched for the purpose of loading into it a small cartridge which, when the barrel is restored to position, may be exploded by the hammer.  The bore of the barrel is slightly larger at the breech than at the muzzle.  At the breech it is 22 calibre, and is capable of taking the small form of cartridge usually shot in parlor rifles and known as "BB caps."  The ammunition sold with it consists of blank cartridges, about the size of an ordinary 22 short-range rifle cartridge without the ball.  One of the witnesses testified that he had seen boys shoot ordinary cartridges in pistols of this design, by trimming down the bullets.

The trial judge awarded a nonsuit, and the plaintiff excepts.

*George Gordon,* for plaintiff.

*Rosser & Brandon,* for defendant.

POWELL, J.  (After stating the foregoing facts.)

1.  This is not an action based upon the defendant's negligence in selling to a young child a dangerous toy.  The plaintiff's petition puts her case solely upon the proposition that the so-called toy pistol is a real pistol, within the purview of section 344 of the Penal Code, which provides that "If any person shall knowingly sell or furnish any minor with a pistol, dirk, bowie-knife, or sword-cane, he shall be guilty of a misdemeanor;" and that the defendant, by selling to this child this thing, by whatever name called,—

22

pistol or toy pistol,—violated this law and was guilty of negligence per se.

We are of the opinion that the section of the Penal Code quoted above refers to weapons, and not to mere toy imitations of weapons, if the imitations are not reasonably capable of being put to the same use for which the corresponding weapon is intended. That it is highly reprehensible to sell a small child a toy pistol capable only of exploding blank cartridges, that such a toy is commonly known to be dangerous, and that a cause of action might arise against one who sold such a toy to a small child who was injured therefrom, we have no inclination to gainsay; but these questions are not involved. To sell such a toy would not be a violation of section 344 of the Penal Code, on which this suit is based.

The name by which the thing is called is immaterial. To call a toy a pistol does not make it a pistol; to call a pistol a toy does not make it a toy. Nor is the essential character of the thing changed by the purpose for which it is sold or used in a particular case. A pistol is no less a pistol because it is sold as a toy or used to shoot blank cartridges. A pistol is still a pistol though the main spring is broken and it can not be fired in the ordinary manner. *Williams* v. *State,* 61 *Ga.* 417 (34 Am. R. 402). In the case just cited the court refused to follow the contrary view expressed in the case of Evins v. State, 46 Ala. 88. Indeed the Supreme Court of Alabama itself, in the case of Atwood v. State, 53 Ala. 508, held that an old-style pistol, with its tubes imperfect and battered up, and with the lock so much out of order that it could not be fired by the trigger, was nevertheless a pistol, within the meaning of a statute against carrying firearms concealed, though in this case the earlier case by the same court was not referred to in the opinion. A broken and inefficient pistol is within the statute. *Crawford* v. *State,* 94 *Ga.* 722 (21 S. E. 992). In the case of Taylor v. Seil, 120 Wis. 32 (97 N. W. 498), it was held that a small 22-calibre rifle, shooting powder and ball and capable of killing a human being, was not a toy firearm.

2. The nonsuit granted in the case at bar is equivalent to a ruling that as a matter of law the particular mechanical contrivance which was before the court and jury was not a pistol, that it was not so designed as to be reasonably capable of being used as a weapon. To affirm this judgment we would have to reach the

same conclusion. After reading the record, and after examining the original contrivance (as by the consent of counsel we have been permitted to do), we are unwilling to say as a matter of law that it is not a pistol. It may be that as judges we have no right to enforce, as judicially known, that which we have privately seen, but certainly the court should not take judicial cognizance of that which its members personally know is not true. There is in the clerk's office of this court a bullet fired from this very implement and imbedded in an oak desk. The judges are a little gun-shy, but the clerk has a mind turned to experiment, and a penchant for firearms; hence we have seen what we have seen. Knowing this much, we are unwilling to hold as a matter of law that this so-called toy pistol is not a weapon likely to produce death, or that it is not reasonably capable of being used for purposes of offense or defense.

To sum up the matter, it is a question for the jury whether this is a pistol or not. Jurors are chosen not only for uprightness, but also for intelligence. They are supposed to bring into the box, as a part of that intelligence, experience and a knowledge of the common things of life. They are supposed to know what a pistol is, and what it is designed for. Presumably they are qualified to look at this mechanical contrivance and to say whether it is a firearm or not. Primarily speaking, they do not absolutely need any expert testimony to tell them whether or not certain results can be obtained from the thing before them. Expert and opinion evidence is useful only where the juror's range of personal intelligence, so far as some particular branch of knowledge is concerned, fails to reach; it is persuasive, but not controlling. To be candid, we do not know whether we really believe this to be a pistol or not. We have grave doubts as to what we believe about it. Under our system juries are provided to solve just such doubtful questions. Let the jury be told that section 344 of the Penal Code refers primarily to weapons, and not to toys, but that a weapon can not be sold to a minor as a toy; that a thing in substance and effect a pistol can not be converted into a mere toy by being called a toy pistol; that a toy pistol does not become a pistol within the meaning of the law merely because, by handling it in some way not reasonably indicated by its mechanism as a probable or natural use, it may be made to do somewhat the same harm that a pistol would

do; and we think they would be able to solve this doubtful question justly and intelligently.       *Judgment reversed.*