17021, 17022.   GEORGIA RAILWAY & POWER COMPANY *v.* BRYANS
(two cases).

STEPHENS, J.   1. Where the sole proximate cause of an injury to the
plaintiff is the negligence of some one other than the defendant, there
can be no recovery against the defendant, although the defendant may
have been guilty of negligence.   In a suit for personal injuries, there-
fore, where the evidence presents an issue of fact as to whether the
injuries were caused by the negligence of the defendant or the negligence
of a third person, it is error to instruct the jury to the effect that there
can be no recovery against the defendant if the injuries were proximately
caused solely by the conduct of a third person *and the defendant was
not negligent.*   The vice in such a charge is that the jury is in effect
instructed that absence of negligence on the part of the defendant is
necessary to absolve the defendant from liability, although the injuries
may have been proximately caused by the negligence of another.   In this
case the court erred in charging as follows:   "If you find that the
injury was caused, actually caused, that the proximate and immediate
cause of the injury was the conduct of the driver of the car, and that
the street-car company is not guilty of any negligence in the matter at
all, and that the immediate and proximate cause of the injury was the
fault of the driver of the car, then I charge you that the plaintiff could
not recover against the defendant in this case."

2. In a suit for personal injuries based upon negligence alone, it is inapt
to give in charge section 4422 of the Civil Code (1910), as follows:
"A physical injury done to another gives a right of action, whatever
may be the intention of the actor, unless he is justified under some rule
of law.   The intention should be considered in the assessment of
damages."

3. The remaining grounds insisted upon show no error.

> *Judgments reversed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 17, 1926.

Damages; from city court of Decatur—Judge Daley.   October
20, 1925. .

*Colquitt & Conyers, Hugh Burgess,* for plaintiff in error.
*Key, McClelland & McClelland,* contra.