### 20038. RICHARDS v. HARPE.

STEPHENS, J. 1. "The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him." Civil Code (1910), § 5871. "It is a substantial right, the preservation of which is essential to a proper administration of justice, and extends to all matters within the knowledge of the witness, the disclosure of which is material to the controversy." *News Publishing Co.* v. *Butler,* 95 *Ga.* 559 (22 S. E. 282). Upon the trial of a suit to recover damages from a physician, arising out of the alleged malpractice of the defendant in failing to exercise the "reasonable degree of care and skill" required of him as a physician (Civil Code of 1910, § 4427) in treating the plaintiff's arm for a fracture at the elbow joint, where the issue presented by the evidence was whether the failure of the plaintiff's arm to properly heal after it had been set by the defendant was due to the defendant's failure to use an x-ray in diagnosing the trouble, and in falsely diagnosing the trouble as being a dislocation of the elbow joint, when in fact it was a fracture, or was due to other causes arising after the defendant's connection with the case had been properly severed, and where the defendant admitted that the arm had been fractured, but con-

tended that he exercised the required care and skill in the treatment of the arm and properly diagnosed and treated it, although he had not employed the x-ray, and where, as a witness in his own behalf, he testified on direct examination that, before treating the plaintiff's arm, he "had never experienced any trouble in reducing broken bones," and on cross-examination testified that he "had never had any trouble before this or since," it was error for the court to refuse to permit counsel for the plaintiff, to ask the defendant, on cross-examination, immediately after the rendition of the last part of the defendant's testimony, if he had not had bad results in treating the limbs of other designated persons. For the same reason it was error for the court to refuse to permit counsel for the plaintiff, on cross-examination of another physician who was introduced as a witness for the defendant, to ask whether modern practice and surgery required the use of the x-ray and anæsthesia in the treatment of cases similar to that of the plaintiff.

2. The fact that another physician who had been consulted in behalf of the plaintiff, after the defendant's connection with the case had been severed, based a refusal of his professional services in the treatment of the plaintiff's arm upon the ground that another physician had been called in to the case, was irrelevant and incompetent as tending to establish the fact that the bad results to the plaintiff's arm were not due to causes beyond the defendant's control.

3. Since the case of the plaintiff's father against the defendant, to recover damages arising out of the same transaction, was tried contemporaneously with the case of the plaintiff, evidence that the father, after the defendant's connection with the case had been severed, received information from another physician that the use of the x-ray was the best method to determine whether the plaintiff's arm had been properly set, was relevant and competent as a circumstance tending to charge the father with negligence in respect to the condition of the plaintiff's arm after the defendant had severed his connection with the case. The evidence being relevant and competent as respects an issue presented by the evidence, although it may have been relevant and competent only as against the father, and not being objected to by the plaintiff upon the ground of irrelevancy and incompetency as to any issue presented as to her case, it was not subject to objection by her solely upon the ground that it was hearsay. The court therefore did not err in admitting the evidence over objection by plaintiff's counsel that it was hearsay.

4. Advice by another physician given to the plaintiff's father after the defendant had severed his connection with the case, to follow whatever instructions the defendant had given with respect to the plaintiff's injury, was not relevant or competent to charge the defendant with negligence, or as tending to establish due care on the part of the plaintiff.

5. For the purpose of showing that the plaintiff, through her parents, had not been negligent in failing to procure the services of another physician, it was not competent to prove by the testimony of a physician that no doctor will take down a splint which another doctor has put on an injured arm, and such evidence was properly excluded.

6. It was competent to prove in behalf of the defendant, as tending to show good faith in the treatment and the exercise of the proper diligence, that he called the next day at the place where he had treated the plaintiff, for the purpose of following up his treatment, and was told by some one that the plaintiff had gone. This evidence was properly admitted as tending to show diligence on the part of the defendant.

7. The court having charged the jury that, as contended by the plaintiff in her petition, the injury to her arm caused her great pain and suffering, that no anæsthetic was administered, and that no x-ray was procured or used, a request to charge that the plaintiff contended that reasonable care and skill on the part of the defendant would have required the use of the x-ray, that in failing to use the x-ray the defendant was negligent, and that this was the cause of the plaintiff's condition, and that the jury should determine from the evidence whether this failure was negligence, or whether the failure to use the x-ray caused the plaintiff's condition, was substantially covered by the charge of the court, and the refusal of the request was not error.

8. The court having charged the jury that, as contended by the plaintiff in her petition, it was alleged that the defendant treated the plaintiff's arm for a dislocation when in fact it was a fracture, a request to charge that the plaintiff contended that the defendant was guilty of negligence in failing to properly diagnose the injury and that this improper diagnosis resulted in improper treatment, and that this was the cause of the condition of the plaintiff's arm, was substantially covered by the charge of the court, and the refusal of the request was not error.

9. The care incumbent on a child of tender years to avoid an injury is a standard of care different from that required of an adult. The plaintiff being a child six years of age, it was error for the court to define ordinary care, and to charge the jury that the degree of care which rested upon the plaintiff in this case for a protection of the injured arm was ordinary care. But it was not error for the court to fail to charge the jury as to the degree of care incumbent upon a child of tender years, since there was no evidence whatsoever from which the jury could have inferred that the plaintiff was guilty of any conduct which could in any degree have contributed to her injury.

10. A definition that negligence which is the proximate cause of an injury is such an act that a person of ordinary caution and prudence would have foreseen that some injury might likely result therefrom is not error in that it puts too heavy a burden upon the plaintiff, in charging that the injury might have been foreseen, rather than it might have been apprehended.

11. While the law requires that a physician bring to the exercise of his profession a reasonable degree of care *and* skill, and while a physician fails to meet this requirement where he fails to exercise either the required care *or* the required skill, it is not necessarily misleading for the court to charge that, before a recovery can be had against the physician, it must be made to appear that he failed to exercise the required care *and* skill. A failure to exercise care and skill may be

accomplished by a failure to exercise care only, or by a failure to exercise skill only, or it may be accomplished by a failure to do both. The charge of the court therefore was only ambiguous, but when considered in connection with the remainder of the charge, in which the jury was instructed that a duty rests upon a physician to bring to the exercise of his profession a reasonable degree of care and skill, and which contained an express instruction that "the burden is on the plaintiff to show want of due care, skill, or diligence, and also that the injury resulted from the want of such care, skill, or diligence," the charge was not error as being calculated to cause the jury to believe that, before the plaintiff could recover, it must appear that the defendant had failed, not only to exercise a reasonable degree of care, but had also failed to exercise a reasonable degree of skill.

12. Where the court clearly charged the jury that a duty rested upon the plaintiff to prove the allegations of her petition by a preponderance of the evidence, it was not error prejudicial to the plaintiff for the court to tell the jury that if there was any doubt as to where the preponderance of the evidence rested, the doubt should be solved in favor of the side that does not have to "preponderate" in the evidence.

13. The entire charge fairly submitted the contentions of both parties, and is not subject to the objection that it unduly stressed the contentions of the defendant in that the court charged the jury three times that the burden rested upon the plaintiff to prove her case.

14. The court having erred as indicated, a new trial is granted to the plaintiff. *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 2, 1930.

*J. M. Lang,* for plaintiff. *J. G. B. Erwin,* for defendant.