35729. SOUTHEASTERN LIQUID FERTILIZER CO. *v.*
MOCK.

DECIDED JUNE 22, 1955.

*Burt & Burt,* for plaintiff in error.

*H. G. Rawls,* contra.

TOWNSEND, J. Negligence, to be actionable, must be the proximate cause or concurring proximate cause of the injuries received. *Holbrooks* v. *Ford Rental System,* 34 *Ga. App.* 588 (130 S. E. 363); *Whitaker* v. *Jones, McDougald, Smith Pew Co.,* 69 *Ga.*

*App.* 711 (26 S. E. 2d 545). Two acts are here alleged as negligence, one being the flashing of a bright light upon the plaintiff. According to the allegations of the petition, when construed most strongly against the pleader, this act took place when the plaintiff had approached so closely to the defendant's tractor that he was unable to stop in any event. Accordingly, it must be assumed that, had the operator not flashed the light in the manner alleged, the plaintiff would nevertheless have collided with the tractor. This allegation, therefore, is insufficient to support a cause of action on behalf of the plaintiff.

The allegation that the defendant's Farmall tractor was being driven on a public highway at night without "tail lights, as required by law," is also insufficient to state a cause of action. It is alleged that the collision occurred on December 14, 1954. Chapter 68-17 (Ga. L. 1953, Nov.-Dec. Sess., p. 556 et seq.) became effective on March 11, 1954. This act has been designated as the Uniform Act Regulating Traffic on Highways and amends Chapter 68 of the Code, and was in effect at the time of the collision. Section 68-1705 thereof relating to tail lights provides that "every motor vehicle . . . shall be equipped with at least 1 tail lamp mounted on the rear, which when lighted as hereinbefore required, shall emit a red light plainly visible from a distance of 500 feet to the rear." However, § 68-1701 (c) provides as follows: "The provisions of sections 68-1701 through 68-1722 with respect to equipment on vehicles shall not apply to implements of husbandry, road machinery, road rollers, or farm tractors except as herein made applicable. Every farm tractor equipped with an electric lighting system shall at all times mentioned in section 68-1702 display a red tail light . . . meeting the requirements of sections 68-1705 and 68-1713 respectively." Nowhere else is there a provision respecting applicability of the excluded sections to farm tractors. Code (Ann. Supp.) § 68-1502 (2b) defines a farm tractor as "every motor vehicle designed and used primarily as a farm implement for drawing plows, mowing machines, and other implements of husbandry." The petition alleges that the implement of the defendant was a "Farmall tractor," which is a motor vehicle used primarily as a farm implement, as the name implies. Accordingly, the provisions of Code (Ann. Supp.) § 68-1705 do not apply to the

defendant's vehicle unless, under the provisions of Code (Ann. Supp.) § 68-1701 (c), the Farmall tractor was in fact equipped with an electric lighting system. Whether or not it was so equipped is not alleged, and the inference must therefore be drawn that it was not. The fact that the defendant flashed a bright light on the plaintiff does not negative this inference, as the light might have had some other source than the electric lighting system of the tractor. It follows, therefore, that such tail light is not "required by law," as alleged in the petition of the plaintiff.

The petition alleges that the plaintiff was operating his automobile in a westerly direction at 8 p. m. on such a curve that his headlights did not and would not disclose the presence of the tractor ahead of him until he was so close to it that it was impossible for him to stop without hitting it. The allegation that the tractor had no tail lights, added to this, fails to show that, had the tractor had a tail light, he would not have hit it. The petition fails to show in what direction the tractor was going and its approximate speed. If the tractor was meeting the plaintiff, one or the other was on the wrong side of the road, assuming that the road was wide enough for two vehicles to pass without colliding; but, in that event, a tail light on the tractor probably would not have been visible to the plaintiff. If the vehicles were in such relation to each other that the tractor was not visible to the plaintiff, but that the tail light would have been, if there had been one in operation, then failure to have had such light, although not negligence per se, might be a matter for jury determination on the question of lack of ordinary care on the part of the defendant. *Tyson* v. *Shoemaker,* 208 *Ga.* 28 (2) (65 S. E. 2d 163). The allegations of this petition, however, fail to show affirmatively that either of the acts of the defendant alleged to be negligence was the proximate cause of the plaintiff's injuries.

The trial court erred in overruling the demurrers to the petition.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*