36731. STATE HIGHWAY DEPARTMENT *v.* PORTER.

Decided June 27, 1957.

*Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, Maxwell A. Hines,* for plaintiff in error.

*Seymour S. Owens,* contra.

CARLISLE, J. In special ground 1 of its motion for a new trial, the State Highway Department assigns error on the following charge: "I charge you, gentlemen of the jury, that a limited-access highway is a highway, road or street for through traffic and over, from or to which owners or occupants of abutting land, or other persons have no right or easement or only a limited right or easement of access, light, air or view by reason of the fact that their property abuts upon such limited-access highway or for any other reason; I also charge you that a limited-access highway may be so designated as to regulate, restrict or prohibit access thereto so as to best serve the traffic for which such facility is intended. No person shall have any right of ingress or egress from or passage across any limited-access highway to or from abutting lands except at the designated points to which access may be permitted, and under such arrangements and conditions as may be specified from time to time."

The vice attributed to this charge is that the trial court failed to charge as follows: "A local service road is any road or street, whether or not existing at the time of the designation of a limited-access highway or thereafter established, which serves the owner or occupant of any land or improvements abutting a limited-access highway and which gives a means of ingress to and egress from such lands or improvements." The language of the charge alleged to be erroneous is taken directly from Code (Ann.) §§ 95-1701a, 95-1703a.

"It is not a good assignment of error on a portion of the judge's charge which states a correct principle of law applicable to the case, that some other correct and appropriate instruction was not given. *Harvey* v. *State*, 121 *Ga*. 590 (2) (49 S. E. 674) ; *Howell* v. *State*, 150 *Ga*. 67 (3a) (102 S. E. 439)." *Grant* v. *State*, 152 *Ga*. 234 (2) (54 S. E. 145) ; *Powers* v. *State*, 138 *Ga*. 624 (4) (75 S. E. 651) ; *Hicks* v. *State*, 146 *Ga*. 221 (6) (91 S. E. 57).; *Holston National Bank* v. *Howard*, 148 *Ga*. 767 (98 S. E. 269) ; *Johnson* v. *State*, 150 *Ga*. 67 (3a) (102 S. E. 439) ; *Grant* v. *State*, 152 *Ga*. 252 (1) (109 S. E. 502). This ground is, consequently, without merit.

■ In special ground 2, error is assigned on the ground that the award of compensation and damages made by the jury is so excessive as to indicate passion or prejudice on the part of the jury. Taking this ground together with the general grounds of the motion for new trial, we need only say that the verdict is within the range of the pleadings and the evidence and is consequently authorized. The verdict has the approval of the trial judge and since every presumption will be indulged in favor of jury verdicts, we do not think the trial court abused its discretion in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*