37777. TUCKER *v.* STAR LAUNDRY & CLEANERS, INC., *et al.*

37778. TUCKER *v.* STAR LAUNDRY & CLEANERS, INC., *et al.*

DECIDED SEPTEMBER 14, 1959.

*Frank M. Gleason,* for plaintiffs in error.

*McClure & Hale, Noone & Noone,* contra.

FELTON, Chief Judge. ■ As to the demurrers of the defendants Harris and the Star Laundry & Cleaners, Inc., we think the court properly sustained them. Negligence is not actionable unless it is the proximate or concurring proximate cause of the injuries received. *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618, 628 (57 S. E. 2d 18); *Southeastern Liquid Fertilizer Co.* v. *Mock,* 92 *Ga. App.* 270 (88 S. E. 2d 531). Under the allegations of the petition Harris' negligence in stopping his truck suddenly and without warning was not a concurring proximate cause of the injuries sued for. After the alleged negligence of Harris was complete and static the driver of the automobile in which the plaintiffs were riding avoided the consequences of Harris' alleged negligence by bringing her automobile to a complete stop before striking the vehicle which Harris was driving. She gave the proper signals and proper warning to vehicles behind her on the highway. Under these circumstances the negligence of Harris, if any, was too remote to constitute a concurring proximate cause of the injuries. One of the principle proximate causes of the injuries alleged was the negligence of Dorsett in not having his automobile under control and stopping it in the exercise of ordinary care upon signal by the driver of the Tucker car. The court did not err in sustaining the demurrers of Harris and the Star Laundry & Cleaners, Inc.

■ The court erred in sustaining the demurrers of W. R. West to the petition as amended. As to West, the petition alleged that the son of W. R. West was driving at an illegal rate of speed of 65 miles an hour; that the highway was heavily traveled and that at the time of the collision traffic was heavy; that West saw, or could have seen had he been looking, that the Tucker vehicle was knocked into his lane of traffic and that he had ample time to slow down his vehicle, to stop the same or to have turned to the right and onto a wide dirt shoulder by one of which courses of conduct he could have avoided colliding with the Tucker

vehicle. It does not appear from the petition that Dorsett's collision with the Tucker automobile and the collision of the West automobile with the Tucker automobile were approximately instantaneous or so nearly so as to show on the face of the petition that the driver of the West automobile could not have avoided running into the Tucker automobile by the exercise of ordinary care. The driver of the Tucker automobile was not guilty of any negligence whatsoever, so far as the petition shows, and the same applies to her mother who was riding in the car with her. The petition sufficiently alleges that one of the concurring proximate causes of the injuries sued for was the negligence of Edward Russell West, it being alleged, as already stated, that he could have avoided striking the Tucker automobile by the exercise of ordinary care after he discovered its presence in his lane of traffic or after he could have discovered it by the exercise of ordinary care. The court erred in sustaining the demurrers of W. R. West and in dismissing the action as to him.

Judgments on the demurrers of Harris and Star Laundry & Cleaners, Inc., are affirmed and the judgments sustaining the demurrers of W. R. West are reversed.

*Judgments affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*