### 41283. McHONE v. WILLIAMS.

RUSSELL, Judge. ■ On the trial of this case involving damages for personal injuries received as the result of an intersection collision, where the plaintiff in his petition and the defendant in his cross action each sought a money verdict in his favor, the court, after charging the contentions of both parties, stated: "If you believe these contentions of the defendant Williams to be the truth of the case, it would be your duty to find against the plaintiff McHone and to render a verdict for the defendant Williams against the plaintiff McHone in such amount as you find defendant Williams entitled to recover under the evidence adduced to you and the law as given you in charge by the court. On the other hand, if you believe the contentions of the other party, you would do as I have heretofore charged you." Elsewhere in his instructions he charged that if the jury found certain facts, "then you would find for the plaintiff." The statement of the contentions of the parties was

not one-sided, argumentative, or opinionative. *Porter v. Southern R. Co.*, 74 Ga. App. 546 (40 SE2d 438).

■ The remaining special grounds are incomplete. Where it is necessary to refer to the evidence in order to determine whether the court failed to charge a material principle of law relating thereto, the evidence authorizing the instruction must either be set out in the ground or referred to in the brief of evidence. *Code Ann.* § 6-901; *Autry v. Adams*, 95 Ga. App. 207 (2) (97 SE2d 585). Further, error may not be assigned on a correct and applicable instruction on the ground that some other appropriate instruction was not given in the same connection. *State Hwy. Dept. v. Porter*, 96 Ga. App. 142 (99 SE2d 519).

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton, C. J., and Jordan, J., concur.*

SUBMITTED MAY 3, 1965—DECIDED MAY 24, 1965.

*W. B. Mitchell*, for plaintiff in error.
*Miller, Miller & Miller, Wallace Miller, Jr.*, contra.