41695.   FALLAW, by Next Friend v. HOBBS.

SUBMITTED JANUARY 10, 1966—DECIDED FEBRUARY 23, 1966.

*Wallace B. Pierce, Thomas S. Pierce, Cohen, Cohen & Slaton, Rodney S. Cohen,* for appellant.

*Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher,* for appellee.

EBERHARDT, Judge. The right of a child to maintain an action against another to recover damages for prenatal injuries negligently inflicted has been established in *Tucker v. Carmichael & Sons, Inc.,* 208 Ga. 201 (65 SE2d 909), and *Hornbuckle v. Plantation Pipe Line Co.,* 212 Ga. 504 (93 SE2d 727).

The negligence of a parent in driving an automobile in which the child is riding cannot be imputed to the child. *Code* § 105-205; *Herrington v. Mayor &c. of Macon,* 125 Ga. 58 (5) (54 SE 71); *Atlanta, B. & C. R. Co. v. Loftin,* 67 Ga. App. 601 (21 SE2d 290). (There is a different rule when the parent sues for loss of the child's services, or the husband sues for loss of his wife's services, etc. *Woodham v. Powell,* 61 Ga. App. 760 (7 SE2d 573); *Hightower v. Landrum,* 109 Ga. App. 510, 514 (136 SE2d 425); *Shapiro Packing Co. v. Landrum,* 109 Ga. App. 519, 523 (136 SE2d 446)).

The question for decision here is whether the charge of the court was error requiring a new trial because of failure to include an instruction that any negligence found to exist on the part of the mother could not be imputed to the unborn child and that the doctrine of comparative negligence thus had no application in its case. The question is close, but we must keep in mind that after the verdict every presumption and inference is in favor of the verdict. We must resolve any doubt to

uphold the verdict, not only as to the effect of the evidence, but, as well, the effect of the charge. *Stapleton v. Amerson*, 96 Ga. App. 471 (5) (100 SE2d 628); *Southern R. Co. v. Brock*, 132 Ga. 858, 862 (64 SE 1083). For this reason, inter alia, it has been frequently held that it is not a good assignment of error on a portion of the charge which states a correct principle of law that some other correct and appropriate principle was not given. *State Hwy. Dept. v. Porter*, 96 Ga. App. 142, 143 (99 SE2d 519).

Now let us examine the charge on the matter of comparative negligence and consider whether it was, by its terms, limited to the cases of Mr. and Mrs. Fallaw so that the jury should have understood that they were not to apply it in considering the child's case. If that be true, then any failure to charge that the mother's negligence was not imputable to the child could not have been harmful, for it was only when it was imputed *and then compared* with the negligence of the defendant that the charge could have been harmful without the additional instruction.

The court charged, in this respect: "Now gentlemen of the jury, I charge you the principle of comparative negligence. If you should find that *the plaintiff Mrs. Fallaw*, was negligent and that her negligence contributed to the occurrence, and that the defendant was negligent and that his negligence contributed to the occurrence, it would be your duty to determine the degree of *that plaintiff's* negligence contributing to the occurrence and the degree of the defendant's negligence contributing to the occurrence. And if, in so doing, you should find that the degree of negligence attributable to the defendant causing the injury to the plaintiff, and that the plaintiff's negligence was a part of the proximate cause of the injury sustained, *then neither the plaintiff, Mrs. Fallaw nor Mr. Fallaw* would be entitled to recover. If you should find that the degree of negligence attributable to Mrs. Fallaw was less than that attributable to the defendant, and that the defendant's negligence was the proximate cause of the injury sustained, *the plaintiff Mrs. Fallaw and Mr. Fallaw* would be entitled to recover, but not the full amount of his or her damages. Those damages, when ascertained, should be re-

duced by you in proportion to the degree of negligence attributable to Mrs. Fallaw." (Emphasis supplied).

It is obvious from this charge that it was directed to the cases of Mr. and Mrs. Fallaw only. They were specifically named as the plaintiffs to whose cases it should be applied. It is equally significant that neither the child's name (Gwendolyn May Fallaw) nor its case was in any way referred to or mentioned in connection with this charge on comparative negligence, and that it had already been directed to the jury's attention that they were considering *three cases* for *three separate plaintiffs*.

Applicable to the child's case, as well as to the others, it was charged that "to be the proximate cause of an occurrence the injury must be the natural and probable consequence of the act or acts of negligence; must be such a consequence as under the surrounding circumstances of the case might and ought to have been foreseen by the wrongdoer as likely to flow from that act," and that "the burden is upon the plaintiff *in each of these cases* of showing that the defendant was guilty of ordinary negligence in one or more of the ways alleged in the petition and that such act or acts of negligence was the proximate cause of the plaintiff's injury and damage."

It was further charged: "Now the minor child which was unborn at the time of this occurrence, the plaintiff's attorney and next friend bringing this suit for her contends that she has a disfigurement—her eyes, and that her body is not as fully developed and will not be as fully developed as it should because of the premature birth. Now if you find that the minor child is entitled to recover, then I charge you that as a part of pain and suffering she would be entitled to recover for any disfigurement of her body or person. That would be an item of pain and suffering and the measure of damages, the rule, is the enlightened conscience of impartial and upright jurors under the sanctity of their oaths as jurors."

At no time or place in the charge did the court suggest that the rule of comparative negligence should or could have application to the child's case.

While it is true that the court did not specifically instruct that the doctrine was not to be applied against the child, it does not

seem likely that the jury could have misunderstood. "We should not assume that the jury paid no attention to some portions of the charge; but on the contrary the presumption is that the jury pays attention to and correctly applies all of the charge." *Stanley v. Squadrito,* 107 Ga. App. 651, 658 (131 SE2d 227). "Jurors are required by law to be selected for their uprightness and intelligence. *Code* § 59-106. They are expected to bring into the box, not only uprightness, but also intelligence, and there ought to be a presumption that jurors, through the use of the intelligence which they are required to have in order to be qualified to be jurors, are able to correctly analyze the evidence and determine the facts, shown by such evidence, to have occurred. *Mathews v. Caldwell,* 5 Ga. App. 336 (2) (63 SE 250). Accordingly, where the court gives to the jurors a legally correct statement of an abstract proposition of law, leaving them to apply it to the facts of the case as disclosed by the evidence, there should be some presumption that, through the use of their intellect, the jurors will be able to differentiate between the parties and ascertain from a consideration and an analysis of the evidence *to which of the parties the proposition charged by the court is applicable.* Therefore, in the absence of a written request it would not seem to be error to fail to instruct the jury that the proposition must be limited in its application to one party or the other." *Purcell v. Hill,* 111 Ga. App. 256, 259 (141 SE2d 153). (Emphasis supplied.) There was no request here.

At no time in the trial of these cases did the defendant suggest or contend that the negligence of Mrs. Fallaw was imputable to her unborn child. It was not an issue in the case.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*