### 47139. TEPPENPAW v. BLAYLOCK.

ARGUED MAY 1, 1972—DECIDED JUNE 30, 1972.

*Guy B. Scott, Jr.,* for appellant.

*Telford, Stewart & Stephens, J. Douglas Stewart,* for appellee.

STOLZ, Judge. ■ In this action by a four-year-old minor for damages for personal injuries, the verdict finding the defendant "not guilty of negligence" and the judgment in favor of the defendant, were authorized by evidence that the plaintiff girl, who was under the "supervision" of an adult baby-sitter, was playing in a park across the street from the sitter's apartment, from which the sitter could watch her; that the sitter was aware that the street was a dangerous one with respect to traffic and children; that when the plaintiff got ready to come back across the street some three or four minutes after the sitter had last watched her playing, she called to the sitter while standing still immediately in front of the last one of a line of parked automobiles across the street from the apartment; that the sitter went to the front door of her apartment and

turned around to speak to her friend in the room with her, at which time the plaintiff was struck by the defendant's automobile, which was traveling at 20-25 m.p.h. in the direction toward which the parked automobiles were facing, that the defendant's automobile was parallel with the parked automobile, from behind which the plaintiff emerged, before he saw the plaintiff's movement to his right; that at about the time the plaintiff was struck, the defendant slammed on his brakes, swerved to his left, and then pulled back over to his right; that there was, after the accident, a smudge on the dusty surface of the defendant's right front fender about a foot from the front, which had not been there before; that an eyewitness testified that the plaintiff never got in front of the defendant's oncoming automobile. Therefore, the trial court did not err in overruling the general grounds of the motion for a new trial.

■ Two of the trial court's instructions to the jury were as follows: (a) "[I]f you should determine that the actions of a third party, specifically of Mrs. Manders [the baby-sitter], who is not a party to this law suit, were the *sole proximate cause* of the injuries sustained by the plaintiff, then the plaintiff cannot recover from the defendant in this case, and in such an event you would be obligated to return a verdict in favor of the defendant." (Emphasis supplied.) (b) "[A]lthough a child of the age that the plaintiff was at the time of the occurrence in question cannot be legally guilty of negligence as I have previously told you, I charge you that if you find that the acts of the plaintiff under the circumstances of this case were the *sole proximate cause* of the collision in question and of the injuries to the plaintiff, then the plaintiff cannot recover, and it would be your duty to find in favor of the defendant." (Emphasis supplied.)

The appellant contends that these instructions in combination were harmful in that the negligence, if any, of the custodian was not the sole, or even a, proximate cause of the injuries because it merely caused "a condition providing an opportunity for other causal agencies to act" (quoting 65 CJS 1135, Negligence, § 104), that they permitted the

imputing of the custodian's negligence to the plaintiff contrary to the provisions of *Code* § 105-205, and that to uphold these instructions as applied to the facts in this case, would require the minor plaintiff to exercise ordinary care for her own safety and amount to a holding that no child of tender years could ever recover when struck while crossing a roadway, since he should always be accompanied by a parent, guardian, or custodian.

The instructions complained of were not erroneous. "Where the *sole proximate cause* of an injury to the plaintiff is the negligence of some one other than the defendant, there can be no recovery against the defendant, although the defendant may have been guilty of negligence." *Ga. R. & Power Co. v. Bryans,* 35 Ga. App. 713 (1) (134 SE 787). (Emphasis supplied.) "[N]egligence which is the proximate cause of an injury is such an act that a person of ordinary caution and prudence would have foreseen that some injury might likely result therefrom." *Richards v. Harpe,* 42 Ga. App. 123 (10) (155 SE 85). A four-year-old child is conclusively presumed to be incapable of contributory negligence. *Code* § 105-204; *Crawford v. Southern R. Co.,* 106 Ga. 870 (2) (33 SE 826); *Riggs v. Watson,* 77 Ga. App. 62 (47 SE2d 900). Under the evidence the jury would have been authorized to find that the custodian should have foreseen that the four-year-old minor might attempt to cross the street, which the custodian knew to be dangerous, was negligent in not taking measures to protect her, and hence that her negligence was the sole proximate cause of the injuries, as the court charged. See *Atlanta, B. & C. R. Co. v. Loftin,* 67 Ga. App. 601 (21 SE2d 290). With respect to the second instruction, even though the plaintiff could not by law be guilty of contributory negligence, nevertheless her actions could have been the sole proximate cause of her injuries, which would necessarily exclude the negligence, if any, of the defendant as a proximate cause. "If . . . the defendant did not owe the plaintiff any legal duty which [he] neglected to perform, no action could be maintained for negligence on [his] part. Actionable negligence does not exist in

the absence of the breach of some legal duty. [Cit.] The entire absence of blame on the part of a plaintiff does not, therefore, necessarily establish a fault on the part of a defendant, since an accident may be a mere casualty for which no one is to blame. [Cit.]" *Terrell v. Giddings & Son,* 28 Ga. App. 697 (1) (112 SE 914). "[T]he term [accident] has been used to refer to . . . a happening which, although not wholly free from negligence by such person, was not proximately caused by a failure of either of the parties to a case to exercise ordinary care in the situation." 65 CJS 646, Negligence, § 21 (a) (1), citing *Pickering v. Wagnon,* 91 Ga. App. 610 (86 SE2d 621) and *Boatright v. Sosebee,* 108 Ga. App. 19 (132 SE2d 155). In addition to the foregoing excerpts the trial judge correctly charged the jury with regard to the law of accident. "The negligence charged must have been the proximate cause of the injury, or, as it is sometimes stated, it must have been the proximate *or concurring proximate cause* of the injury received." (Emphasis supplied.) 65 CJS 1138, Negligence, § 104, citing *Tucker v. Star Laundry & Cleaners,* 100 Ga. App. 175 (110 SE2d 416); *Southeastern Liquid Fertilizer Co. v. Mock,* 92 Ga. App. 270 (88 SE2d 531); *Ga. Power Co. v. Blum,* 80 Ga. App. 618 (57 SE2d 18). Although the jury was presented with several possible combinations of concurring proximate causes involving the defendant's alleged negligence, they eliminated all of these, not merely by a general finding in his favor, but also by their specific finding that he was "not guilty of negligence." Having made this specific finding, the jury was then bound to find in favor of the defendant, regardless of what they might have considered the proximate cause to have been; therefore, the instructions complained of in the special grounds of the motion for new trial, could not have been harmful, even if there is any doubt as to their correctness or applicability. "We must resolve any doubt to uphold the verdict, not only as to the effect of the evidence, but, as well, the effect of the charge." *Fallaw v. Hobbs,* 113 Ga. App. 181, 182 (147 SE2d 517) and cit.

The overruling of the motion for a new trial as amended was not error.

*Judgment affirmed. Bell, C. J., concurs. Evans, J., concurs specially.*

EVANS, Judge, concurring specially. The second division of this opinion deals with two exceptions to the charge of the court by plaintiff, the gist of the complaints being that the trial court was in effect instructing the jury that a verdict for defendant might be rendered if the custodian of the minor child (baby-sitter), or the minor child (plaintiff) created a condition which became the sole proximate cause of the injuries. It is urged that the minor plaintiff was too young to be liable for negligence; and the custodian's negligence was not chargeable to the minor plaintiff. However, defendant's answer specially pleads "accident" as a defense, and there was evidence to support same. My view of the case is that the language used by the trial judge in his charge is equivalent to charging that plaintiff could not recover if the injuries were the result of an accident. See *Code* § 102-103; *Savannah Electric Co. v. Jackson*, 132 Ga. 559 (4a) (64 SE 680); *He-Po Gas Incorporated v. Roath*, 87 Ga. App. 827 (6) (75 SE2d 451); *Young Men's Christian Assn. v. Bailey*, 112 Ga. App. 684, 701 (146 SE2d 324).