**John P. GARRETT**

v.

**UNITED STATES of America.**

**Civ. A. No. C78–1257A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 2, 1980.

Monroe J. Feldman, Feldman, White & Rand, Atlanta, Ga., for plaintiff.

Curtis E. Anderson, Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

ORINDA DALE EVANS, District Judge.

This suit for damages under the Federal Tort Claims Act, in which an ex–inmate of the Atlanta Federal Penitentiary sues for injuries inflicted upon him while he was incarcerated, is now before the Court for findings of fact and conclusions of law upon completion of a non–jury trial. Having considered the evidence and arguments of counsel, the Court hereby finds and concludes as follows:

On August 30, 1976, Plaintiff was stabbed twice in the back by Steve Rollins, a fellow inmate at the Atlanta Penitentiary. One of Plaintiff's lungs was punctured and partially collapsed as a result.

Steven Rollins was originally transferred to the U. S. Penitentiary in Atlanta on March 22, 1976 from a state prison in Rhode Island, where he had been serving time for second degree murder.[1]

When Rollins arrived in Atlanta his prison file came with him. It disclosed the fact that during the period of his incarceration in Rhode Island he had committed the following offenses: assault upon a correctional officer (three separate incidents), assault upon another inmate, murder of an inmate, attempted escape, threatening correctional officers, fighting, possession of a dangerous weapon, and contraband. The file contained no psychological evaluations of the prisoner.

Rollins was placed in administrative detention (a form of segregation) when he arrived at Atlanta. He remained there for nine days. Rollins' file (Plaintiff's Exhibit 1) reflects an entry on March 22, "Referred to caseworker." The Court assumes and finds that Rollins did see a caseworker, as the Government's evidence indicated this was customary procedure. However, no evidence was presented as to the substance of the caseworker's findings. On March 31, 1976, Rollins was released from administrative segregation.

Rollins was placed in "A" cellhouse, which is a large area housing 500 to 600 prisoners in multi–tiered cells.[2] It is manned by two or three guards, depending upon the time of day. Individual cells in "A" cellhouse are occupied by two or more inmates. Except during specified times, inmates are free to mix with each other in the common areas and in individual cells in "A" cellhouse.

Plaintiff was also housed in "A" cellhouse. He was a slight acquaintance of Rollins. The incident in question occurred around dinnertime one afternoon when Plaintiff and Rollins had a brief conversa-

1. The transfer was pursuant to a program whereby a state prisoner may be incarcerated in a federal facility on a contract basis. The program is used frequently where state facilities are not adequate to deal with an incorrigible prisoner.

2. The present tense is used for convenience. There have been some changes at USP-Atlanta since 1976.

tional exchange. Rollins made an overture to Plaintiff which Plaintiff interpreted as an offer to share a joint of marijuana with him. Plaintiff indicated he was not interested and Rollins stabbed him in the back ·with a steel building rod.

■■ The duty of care owed by the Government to federal prisoners is set forth in 18 U.S.C. § 4042, which provides in pertinent part that the government shall provide for the "safe keeping" and "protection" of prisoners. *See* 18 U.S.C. § 4042(2) and (3). The standard is one of ordinary diligence. *Cohen v. United States*, 252 F.Supp. 679, 687 (N.D.Ga.1966), *modified on other grounds*, 389 F.2d 689 (5th Cir. 1967). A prisoner who seeks to recover damages must show, as in any negligence case, that such damages were proximately caused by the asserted negligence. The legal standard for proximate cause requires the injuries to have been a foreseeable result of the alleged negligence. "Foreseeability" does not require the anticipation of a particular injury to a particular person, however, but only the anticipation of a general type or category of harm which in ordinary experience might be expected to flow from a particular type of negligence. *See Whitaker v. Jones, McDougald, Smith, Pew Co.*, 69 Ga.App. 711, 716, 26 S.E.2d 545 (1943); *Richards v. Harpe*, 42 Ga.App. 123, 125, 155 S.E. 85 (1930); *see generally* Prosser, *Law of Torts*, § 42 (4th ed. 1971).

On the negligence issue, the Government contends that when compared with other prisoners at the Atlanta Penitentiary, Rollins was not so unusual so as to require special housing arrangements.[3] It also points to Rollins' segregation for observation when he first arrived in Atlanta, which apparently resulted in the decision that it was all right to release him to the general population. On the proximate cause question, the Government contends it could not have reasonably anticipated Rollins' attack on a fellow inmate, arguing that human behavior is not susceptible of such prediction.

■■ The Court concludes the Government was negligent in failing to provide closer supervision for Rollins than that provided in "A" cellhouse. Rollins' prior institutional record was good reason to think he might act violently toward another inmate. The mere fact that his file was referred to a caseworker and that he was held in segregation for nine days before release to the general prison population does not, standing alone, alter the Court's view. Neither does the Court find persuasive the Government's argument that Rollins was not substantially different from other prisoners at the penitentiary, because it merely compares prisoners according to category of offense for which they are serving time. While category of offense is relevant to determination of appropriate institutional handling, so is prior institutional behavior.

The evidence persuades the Court that the Government should have reasonably anticipated that Rollins would harm another inmate if housed in an environment such as "A" cellhouse. This conclusion is not based primarily upon the nature of the crime for which Rollins was serving time, but rather on his prior institutional record which includes as stated above the murder of another inmate and assaults on correctional officers and an inmate. In the Court's view, prior institutional behavior has predictive value for future institutional behavior. Also relevant is the absence of evidence that the incidents at the Rhode Island facility were provoked by someone other than Rollins.

The Court concludes that the Government's negligence was the direct and proximate cause of the injuries sustained by Plaintiff.

■ Turning to the question of damages, the Court finds that Plaintiff proved loss of earnings attributable to the stabbing in the sum of $40.00 (4 weeks × $10.00 per week).

---

**3.** At the time of the stabbing incident, Atlanta was a "Level Five" or maximum security institution for long term prisoners. In 1976, the average length of sentence was at least ten years and approximately 40% of the inmate population were serving time for violent offenses including robbery, kidnapping, assault, homicide, and sex offenses.

The Court finds further that Plaintiff had substantial pain for several days following the incident, for which he is hereby awarded the sum of $2,500.00. The Court also finds that Plaintiff also suffered anxiety and mental distress which was directly caused by the incident. For said anxiety and mental distress, Plaintiff is hereby awarded the sum of $2,500.00.

■ Plaintiff has also made a claim for permanent impairment of his ability to lift his right arm without its "catching" occasionally in the shoulder blade, contending that the same is a result of the stabbing. In addition, Plaintiff apparently is claiming damages for his alleged increased propensity to contract bronchial ailments since the incident. The evidence on these matters did not preponderate in Plaintiff's favor. The Court finds that Plaintiff did not sustain any permanent disability, or any compensable injuries except as described herein.

In summary, the Court finds and concludes that Plaintiff is entitled to recover of the United States Government the sum of $5,040.00 damages, plus all costs of this action.

So ordered.