## 65330. WITT v. ATCHESON et al.

CARLEY, Judge.

Appellant-plaintiff appeals from the grant of summary judgment in favor of appellees-defendants in this personal injury case.

On the evening of the incident at issue, appellant and appellee-Mr. Atcheson were returning home from the Lake Allatoona area. They had been drinking alcohol. Appellant was driving appellees' car. After some discussion, appellant decided to drive Mr. Atcheson home. As appellant drove onto the road in front of appellees' house, the automobile ran out of gasoline. Mr. Atcheson went inside the house and remained there, but instructed his wife, appellee-Mrs. Atcheson, to look for a gas can. Finding no gas, appellant told Mrs. Atcheson that he would help her move the car off the road and into the yard. They pushed the automobile down a slope, until it picked up speed. Appellant was attempting to jump into the moving car when he slipped on some loose gravel and was injured. Appellant brought suit against appellees, alleging negligence in their failure to warn appellant that the gas gauge in their automobile was broken in that it still registered more than a quarter of a tank when the car ran out of gas.

"Negligence is not actionable unless it is the proximate or concurring proximate cause of the injuries received. [Cits.]" *Tucker v. Star Laundry & Cleaners,* 100 Ga. App. 175, 177 (110 SE2d 416) (1959). " '[N]egligence which is the proximate cause of injury is such an act that a person of ordinary caution and prudence would have foreseen that some injury might likely result therefrom.' [Cit.]" *Teppenpaw v. Blaylock,* 126 Ga. App. 576, 578 (191 SE2d 466) (1972). "Ordinarily, foreseeability is a question of fact for the jury. [Cit.] Nevertheless, where the evidence on the issue of negligence 'is palpably clear, plain and indisputable,' the court will resolve the matter without the intervention of a jury. [Cits.]" *Ga. Power Co. v. Williams,* 132 Ga. App. 874, 877 (209 SE2d 648) (1974). Under the evidence, it could not be found that appellees might have reasonably foreseen that if they failed to warn that the gas gauge was defective, the automobile would run out of gasoline and someone would then injure himself when attempting to jump voluntarily into the automobile while moving it. Cf. *Bolden v. Barnes,* 117 Ga. App. 862 (162 SE2d 307) (1968).

The trial court correctly granted summary judgment in favor of appellees.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED APRIL 5, 1983.

*Clifford J. Steele,* for appellant.
*Samuel P. Pierce, Jr., Sergio Alvarez-Mena III,* for appellees.