A95A1356. HERRING v. CONDIT et al.
(463 SE2d 532)

McMURRAY, Presiding Judge.

On the morning of August 13, 1992, Jimmy Lee Steed lost control of his car while driving in heavy rain on a three-lane highway, I-185 near Columbus, Georgia. After spinning, Steed's vehicle came to rest in the center lane, causing a multi-car pileup (in the center lane) which included vehicles driven by Joey Dee Owens, Earl F. Maddox, Stanley M. Condit and William Casaday. A Mercedes automobile stopped in the far left lane of the highway about 40 or 50 yards behind this bottleneck and Janie Herring stopped her vehicle behind the Mercedes. Two or three minutes later, Patrick Dunning drove his car into the rear of Herring's vehicle, propelling it into the Mercedes. Plaintiff Herring brought suit against defendants Dunning, Steed, Owens, Maddox, Condit and Casaday, alleging that their negligence was the proximate cause of injuries she sustained in the collision. Herring settled with Dunning, a matter which is the subject of *Her-*

*ring v. Dunning*, 213 Ga. App. 695 (446 SE2d 199), and filed this appeal after the trial court granted summary judgment in favor of Steed, Owens, Maddox, Condit and Casaday. *Held:*

In *Tucker v. Star Laundry &c.*, 100 Ga. App. 175 (110 SE2d 416), Pauline Tucker was forced to stop in the roadway when the truck she was following suddenly and unexpectedly (without signal) stopped in reaction to other vehicular traffic. Tucker and her mother, a passenger, were allegedly injured when a car struck the Tucker vehicle from behind. The trial court sustained demurrers to the complaints and this Court affirmed, holding that the truck driver's alleged negligence "was too remote to constitute a concurring proximate cause of the injuries." Id. at 177 (1). The controlling factor was that Pauline Tucker had time to affirmatively avoid the "complete and static" hazard allegedly precipitated by the truck driver. This Court explained that "[o]ne of the principal proximate causes of the injuries alleged was the negligence of [the driver, who approached Tucker from the rear,] in not having his automobile under control and stopping it in the exercise of ordinary care upon signal by the driver of the Tucker car." Id. The circumstances in the case sub judice are no different. In fact, the bottleneck that was caused by defendants' alleged negligence was not even the reason Herring stopped in the roadway. She stopped in deference to the Mercedes, which (Mercedes) could have easily bypassed the multi-car pileup by continuing (rather than stopping) in the unobstructed left lane of traffic.

In any event, it is undisputed that Herring waited behind the Mercedes two or three minutes before Dunning collided with her vehicle. Under these circumstances, we cannot say the essential causal link was present between the defendants' alleged negligent acts and Herring's injuries. Herring's injuries were caused, if at all, by the alleged reckless driving of Dunning. Accordingly, the trial court did not err in granting summary judgment in favor of Steed, Owens, Maddox, Condit and Casaday since "[n]egligence is not actionable unless it is the proximate or concurring proximate cause of the injuries received. *Georgia Power Co. v. Blum*, 80 Ga. App. 618, 628 (57 SE2d 18); *Southeastern Liquid Fertilizer Co. v. Mock*, 92 Ga. App. 270 (88 SE2d 531)." *Tucker v. Star Laundry &c.*, 100 Ga. App. 175, 177 (1), supra. Compare *Perry v. Lyons*, 124 Ga. App. 211, 214 (1) (183 SE2d 467), where genuine issues of material fact remained as to whether the original act of negligence was "complete and static" so as to insulate the original wrongdoers from liability.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED OCTOBER 27, 1995 — ▮

*L. B. Kent*, for appellant.

*Divine, Wilkin, Raulerson & Fields, Richard W. Fields, Self, Mullins, Robinson, Marchetti & Kamensky, Ronald W. Self, Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardegree, Virgil T. Theus*, for appellees.